## Norfolk & Western Railway Co. v. Campbell et al.

*Appropriation of property — Abandonment and dismissal of proceedings — Costs and attorneys' fees of defendants — Railroad to pay same, when — Section 11060, General Code — Jurisdiction of common pleas court — Reversal of probate court — Cause to be retained for trial, when — Section 11066, General Code.*

1. When a railroad corporation institutes a proceeding to appropriate real estate and fails to prosecute the same for a number of years, and when the court refuses leave to refile an amended petition which was stricken from the files and to assign the case for hearing upon the original petition, without objection upon the part of the railroad company, a reasonable construction under such circumstances of Section 11060, General Code, would support an order requiring payment by the railroad company of the expenses and attorneys' fees incurred by the property owner.
2. Where the court of common pleas reverses the judgment of the probate court, which held that a proceeding by a railroad to appropriate land had been abandoned because of failure to prosecute the same, the court of common pleas is not authorized to remand the cause to the probate court, but should retain the cause for trial and final determination.

(Decided February 19, 1919.)

Error: Court of Appeals for Franklin county.

*Messrs. Booth, Keating, Pomerene & Boulger,* for plaintiff in error.

*Mr. Smith W. Bennett* and *Mr. Barton Griffith,* for defendants in error.

Kunkle, J.   In brief it appears from the record that in March, 1907, the plaintiff in error, who was plaintiff below, filed a petition in the probate court of Franklin county for the purpose of condemning for railroad purposes certain lands owned

by the heirs of Lorenzo D. English. An answer was filed, and in May, 1907, plaintiff was given leave to amend its petition, and Mary English was made a party defendant. February 21, 1913, leave was granted plaintiff to file an amended petition and the same was accordingly filed. February 26, 1913, leave was granted defendant, Walter English, to file an answer or other pleading, and on February 27, 1913, he filed a motion to set aside the previous order of the probate court granting the plaintiff leave to file an amended petition. In January, 1915, Walter English and others filed a cross-petition.

February 8, 1917, Judge Black of the probate court sustained the motion of Walter English and others and struck the amended petition from the files. The entry as approved by the probate court reads as follows:

"This day this cause came on to be heard upon the motion of the defendants, Walter English, M. K. English, W. H. English and Laura E. Young, to vacate the order of this Court permitting the defendants to file an amended petition under date of February 21st, 1913, to set aside said order and that the same be held for naught; and the same was argued by counsel and considered by the Court.

"The Court upon consideration thereof and being duly advised in the premises doth find that this cause was begun in this Court on the 25th day of March, A. D. 1907, by the filing of a petition therein for the appropriation of certain real estate now owned and held by the defendants as the heirs of Lorenzo D. English, deceased. That an amend-

ed petition was filed herein February 21st, 1913, in which amended petition it appears that other and additional real estate than that included in the original petition is set forth therein and a prayer for the appropriation of such additional real estate for railway purposes is therein contained. That the lands described in said amended petition are different in amount and description from those included in said original petition.

"It is, therefore, by the Court ordered and adjudged that the amended petition of said plaintiff filed herein February 21st, 1913, be stricken from the files and that the order authorizing the same to be filed be vacated, set aside and held for naught; to all of which the plaintiff, The Norfolk and Western Railway Company, by its counsel, excepts."

Plaintiff thereupon requested that it be allowed to refile its amended petition, which request was refused, and the plaintiff then asked that the case be heard on the original petition. Defendants thereupon filed a motion asking the court to dismiss the original petition, which motion was submitted to Judge Bostwick of the probate court in June, 1918, and the petition was dismissed at the costs of plaintiff without prejudice to a new action.

This entry reads as follows:

"This day this cause coming on for hearing upon the motion of the defendants to dismiss this proceeding, the plaintiff asked leave to refile the amended petition heretofore stricken from the files, which leave, upon consideration, the court denies; thereupon the plaintiff asked that this proceeding be set down for hearing upon the petition and it

appearing to the court that the plaintiff contends that it requires from the defendants, Walter English, M. J. English, W. H. English and Laura Young, for the purposes of its railroad real estate in addition to that described in the said petition, this proceeding is hereby dismissed without prejudice and without record at the cost of the plaintiff."

Defendants thereupon filed a motion asking the court for an allowance of attorneys' fees and expenses, as provided by Section 11060, General Code.

The probate court sustained a motion of the plaintiff and dismissed the motion of defendants asking for an allowance for attorneys' fees and other expenses incurred.

Error was prosecuted from such judgment of the probate court to the court of common pleas. The common pleas court reversed the judgment of the probate court and remanded the case to the probate court.

Plaintiff in error now prosecutes error to this court from the judgment of the court of common pleas reversing the judgment of the probate court.

In brief, the questions presented for consideration relate to the jurisdiction of the common pleas court to reverse the probate court, in holding that the proceeding in appropriation was not abandoned, and to remand the case to the probate court; and the further question whether a case can be considered as having been abandoned when the proceeding was dismissed on the motion of the defendants.

The motion filed by defendants below to dismiss the action reads in part as follows:

*"First:* The proceeding is one which creates a lien of record against the real estate of the said defendants and the same is and has been a source of damage to the defendants by reason of the pendency of the action.

*"Second:* That the said plaintiff has not proceeded with diligence to prosecute the same to final judgment.

*"Third:* That the plaintiff has not proceeded to have the preliminary questions adjudicated and determined by this Court, as required by the Statutes of Ohio, as necessary to be done in such actions and proceedings, and within the period of time as fixed by Section 11046 of the General Code.

*"Fourth:* That this Court has lost jurisdiction to determine the questions herein involved by reason of the negligence of the plaintiff to prosecute its action with diligence and within the period of time required by the Statutes of Ohio."

We have carefully considered the authorities cited by counsel and will not attempt to discuss or distinguish the same, but will merely announce the conclusion at which we have arrived after an examination of the record and such authorities. We have also read the opinion of Judge Kinkead of the common pleas court, which has been filed with us, and in the main we are in accord with the reasoning contained therein.

Section 11060, General Code, provides that "the corporation may abandon any case or proceeding after paying into court the amount of the defend-

ant's costs, expenses and attorney fees, as found by the court."

In addition to the reasons stated in the entry sustaining the motion to dismiss the proceedings, the probate court may have been moved to do so because of the failure of the plaintiff to prosecute its action. The failure to prosecute a case may be equivalent to an abandonment of the case. The case had been pending about six years when the plaintiff secured leave to file an amended petition, setting forth the fact that the necessities of the road required real estate in addition to that described in the petition. The case had been pending about eleven years when the probate court ordered the amended petition stricken from the files, and had been pending more than eleven years when the probate court dismissed the proceeding.

It appears from the entry dismissing the proceeding that the plaintiff did not except to the judgment of the probate court, rendered July 12, 1918, refusing leave to refile its amended petition which had previously been stricken from the files and refusing to set the case down for hearing upon the petition.

In the absence of such exception, we think the fair inference would be that plaintiff was satisfied with the ruling of the court, and that such ruling might be considered as equivalent to a dismissal of the action for want of prosecution, as the court was authorized to do under the provisions of Section 11585, General Code.

This section reads as follows:

"The Court may dismiss the petition with costs in favor of one or more defendants in case of un-

reasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendants served."

We are of opinion that under the facts disclosed by the record the fair and reasonable construction of Section 11060 would require the payment by the plaintiff in error of the expenses and attorneys' fees of defendants in error.

Section 11066 provides:

"Upon the hearing of the cause, if the common pleas court affirms the judgment of the probate court, all the costs in the common pleas court shall be paid by the plaintiff in error. If it reverses such judgment, it shall retain the cause for trial and final judgment, as in other cases."

Under the provisions of this section we think the court of common pleas should have retained the case for final determination instead of remanding the same to the probate court.

The judgment of the court of common pleas will therefore be modified in this respect and as so modified will be affirmed.

*Judgment modified, and affirmed as modified.*

ALLREAD and FERNEDING, JJ., concur.