THE STATE OF OHIO, DEPARTMENT OF NATURAL RESOURCES, APPELLANT, *v.* SELLERS ET AL., APPELLEES.

[Cite as Dept. of Natural Resources v. Sellers, 14 Ohio App. 2d 132.]

(No. 531—Decided May 8, 1968.)

*Mr. William B. Saxbe,* attorney general, and *Mr. J. Robert Ford,* for appellant.
*Mr. Hugh I. Troth,* for appellees.

McLAUGHLIN, P. J.   The state of Ohio, Department of Natural Resources (the state), pursuant to Chapter 163, Revised Code, filed an action to appropriate certain real property located in the area of the Mohican State Park in Ashland County.

The action cancelled a public sale which had been ordered by the Probate Court. Cassie L. Sellers had died owning the land in question. The co-administrators of her estate had acted to obtain the order of public sale.

This action to appropriate was filed two days before the date of the ordered public sale.

The owners filed an answer, then proceeded in preparation for trial of the appropriation case. In such trial preparation, the owners incurred expenses of witness fees, including expert witness fees, attorney's fees, and other actual expenses.

About 6 days before trial date, the court signed an entry dismissing the appropriation action without prejudice. This left the owners high and dry without any allowance of their trial preparation expenses.

The dismissal entry was signed and filed without notice to the owners or to counsel.

The owners then filed a motion to vacate the dismissal entry in order to re-open the case so that trial preparation expenses might be allowed, under Section 163.21, Revised Code.

The trial court then sustained the motion to vacate the dismissal entry, reinstated the case for allowance of trial preparation expenses, then allowed certain of the trial preparation expenses, and ordered the state to pay

them as part of the costs, after which the court dismissed the state's appropriation case at the state's costs. This appeal on questions of law by the state results.

The state assigns two errors as follows:

"I. The court erred in awarding expenses in preparation for trial to the appellee after appellant had dismissed its action pursuant to Section 2323.05, Revised Code.

"II. The court erred in assuming jurisdiction to determine the issue of appellee's fees and expenses and appellee's motion for vacation of the dismissal entry after appellant had dismissed its action pursuant to Section 2323.05, Revised Code."

The state's position is that the appropriation action was dismissed under Section 2323.05, Revised Code, which provides, in pertinent part, as follows:

"*An action* may be dismissed without prejudice to a future action:

"(A) By plaintiff, before its final submission to the jury * * *." (Emphasis added.)

The owners' position is that the dismissal was pursuant to Section 163.21, Revised Code, which provides as follows:

"(A) The agency, if it has not taken possession of the property appropriated, *may, at any time* not later than ninety days after the final determination of the cause, *abandon the proceedings.*

"(B) In all cases of abandonment as set forth in division (A) of this section, the court *shall* enter judgment against the agency for costs, including jury fees, and in favor of any owner, for the following items which have been incurred, for such amounts as the court deems just;

"(1) Witness fees, including expert witness fees;

"(2) Attorney fees;

"(3) Other actual expenses." (Emphasis added.)

The determinative issue in this appeal is whether the state's voluntary, *ex parte*, dismissal of this condemnation of property prior to verdict constitutes an abandonment of the proceedings under Section 163.21, Revised Code, *supra.*

Section 163.21, Revised Code, effective January 1, 1966, is of very recent origin. It is part of Chapter 163, Revised Code, entitled "Appropriation of Property." It is a revision, correlation, codification and consolidation of appropriation procedures that apply to condemnation by private corporations, local governmental units, and by the state, including the Department of Natural Resources.

This Chapter was enacted in 1965 as Amended Senate Bill 94 (131 Ohio Laws 179) which amended many sections of the Revised Code, including Section 5537.06 (131 Ohio Laws 1284), a part of the Turnpike Commission Act which, in pertinent part, is as follows:

" * * * In any proceedings for appropriation under this section, the procedure to be followed shall be in accordance with Sections 163.01 to 163.22 inclusive, of the Revised Code."

Also included was an amendment to Section 1501.01 (131 Ohio Laws 451) which pertains in part to proceedings for appropriation by the State Division of Natural Resources as follows:

"* * * on January 1, 1966 and after, such authority [to appropriate] shall be exercised in the manner provided in Sections 163.01 to 163.22, inclusive, of the Revised Code. * * *"

Amended Senate Bill 94 also repealed Section 2709.24 of the Revised Code (131 Ohio Laws 1475) which pertained to the dismissal of appropriation actions by private corporations. Before repeal, that section contained practically the same conditions as to allowing and ordering trial preparation expenses as are now contained in Section 163.21 of the Revised Code, *supra.*

Sections 2323.05 and 163.21, Revised Code, are remedial laws. Both are subject to a liberal interpretation by virtue of Section 1.11, Revised Code, which provides, in pertinent part:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *"

A liberal construction of the newer remedial law, Sec-

tion 163.21, Revised Code, would dictate that the owners of the property sought to be appropriated have now been provided with a remedy that would enable them to recover for their trial preparation expenses. Such remedy promotes the object of Chapter 163, Revised Code, and assists the party to obtain justice.

We find no inconsistency in these two remedial laws. They are to be construed *in pari materia*. The term "dismissed without prejudice" as contained in Section 2323.05, Revised Code, suggests the true meaning as being the same as the term "abandon the proceedings" as contained in Section 163.21. The two terms are consistent with each other and they can mean one and the same thing and can be used interchangeably.

The state contends that there was no abandonment because as yet it had acquired no legal interest in the property sought to be appropriated. Such contention is not well taken. *Section 163.21 of the Revised Code speaks not of abandonment of property but only of abandonment of proceedings.*

It is urged by the state that Section 163.21, Revised Code, applies only to abandonments after verdict.

The owners urge that a liberal construction of this Section 163.21, Revised Code, requires an awarding of court-approved trial preparation expenses if the state voluntarily abandons the proceedings at any time after commencement of the proceeding but not later than ninety days after final determination of the cause.

Chapter 163 of the Revised Code (Sections 163.01 to 163.22, inclusive) now provides a uniform procedure for appropriation by private and public agencies.

Section 163.21 was apparently modeled after at least two sections of the Revised Code. First, a pertinent part of the Turnpike Commission Act, to wit, Section 5537.06 entitled "Appropriation of Property and Rights of Way." Before amendment, Parapragh (J) of this section read:

"(J) The commission, if it has not occupied or changed the property appropriated, may, *at any time* but not later than ninety days after the final determination of the

cause, elect to abandon the appropriation proceedings upon the payment of the costs and reasonable attorney fees to be fixed by the court.'' (Emphasis added.)

The amendment of the Turnpike Commission Act deleted paragraphs (A) to (O), inclusive, of which (J) was one. It, therefore, substituted, revised and recodified the procedural steps spelled out in Section 5537.06 of the Revised Code, and, in particular, paragraph (J), by the enactment of Section 163.21 of the Revised Code, *supra,* making practically the same provisions and conditions as to abandonment of appropriation proceedings as were formerly contained in (J) before deletion. The obvious reason for the deletion was that all the procedural steps (A) to (O), inclusive, and (J) in particular, were no longer needed and for them to remain would be a superfluous duplication.

Second, the enactment of Amended Senate Bill 94 repealed Section 2709.24 of the Revised Code.

Before repeal, such Section 2709.24 provided in pertinent part:

''A corporation may abandon any case or proceeding to appropriate private property after paying into court the amount of the defendant's costs, expenses, and attorney fees, as found by the Probate Court or the Court of Common Pleas. * * *''

There is an obvious reason for this repeal. Since Section 163.21, Revised Code, now makes the same provisions as former Section 2709.24, Revised Code, and applies those provisions to both the state and private corporations, there is no longer a need for Section 2709.24, Revised Code. Actually the repeal of the section shows the affirmative act of the Legislature to apply the provisions of Section 163.21, Revised Code, to appropriation actions by private corporations and by the state and, particularly, this Department of Natural Resources.

This action creates no conflict between the two sections here discussed, just as the appropriation action of a private corporation under Section 2709.24 before repeal created no conflict with Section 2323.05, Revised Code, nor

was there any conflict or inconsistency between the Turnpike Commission Act as shown by Section 5537.06, *supra,* before amendment and Section 2323.05, Revised Code.

Assuming, *arguendo,* that there is a conflict between the two sections, Section 163.21 is newer and more recent. It is also specific and applies to only one subject-matter, *i. e.,* actions to appropriate property.

Section 2323.05, Revised Code, has existed in one form or another since 1893 (formerly Section 11586, General Code, and Section 5314, Revised Statutes), and is a general law applying to *an* action. It affords a means by which a proceeding may be abandoned.

Under well settled rules of construction, the newer, more recent and specific provisions of Section 163.21, Revised Code, control over the older general provisions of Section 2323.05, Revised Code. See *State, ex rel. Steller,* v. *Zangerle, Aud.* (1919), 100 Ohio St. 414, wherein the Supreme Court stated:

"A special statute covering a particular subject-matter must be read as an exception to a statute covering the same and other subjects in general terms."

In the only text upon Chapter 163 of the Revised Code, Ohio Uniform Eminent Domain Act by Hugh E. Kirkwood (1966), with reference to Section 163.21 of the Revised Code, the author states at page 38:

"This section indicates the agency may apply to the court for abandonment of the proceedings *after* verdict. It is *not clear* whether the agency would have the right of abandonment *prior* to a verdict if the agency decided to abandon the appropriation case." (Emphasis added.)

Again assuming, *arguendo,* that Section 163.21 of the Revised Code is unclear and needs construction, our construction would be in line with the rule that where the statutes of the state are revised and consolidated there is a strong presumption that the same construction the statute received before revision should be applied to the enactment in its revised form. See *State* v. *Williams,* 104 Ohio St. 232, at page 240. See, also, *State, ex rel. H. P. Clough*

*& Co.,* v. *Commissioners of Shelby Co.,* 36 Ohio St. 326; *Allen* v. *Russell,* 39 Ohio St. 336; *Heck* v. *State,* 44 Ohio St. 536; *State, ex rel. Baumgardner,* v. *Stockley,* 45 Ohio St. 304, 308; *State* v. *Toney,* 81 Ohio St. 130; and *B. & O. Rd. Co.* v. *Nobil,* 85 Ohio St. 175.

In *Heck* v. *State,* 44 Ohio St. 536, at page 537, the Supreme Court of Ohio said:

"Where the language used in a revised statute is of such doubtful import as to call for a construction, it is both reasonable and usual to refer to the statute or statutes from which the revision has been made. * * *"

Under this well settled rule of construction we examine the case law with respect to former Section 2709.24 of the Revised Code, which in our opinion has been revised and recodified into Section 163.21 of the Revised Code.

In *Jack* v. *Lake Erie & Eastern Rd. Co.* (1911), 19 C. C. (N. S.) 249, at page 251, 32 C. D. 448, the Circuit Court, alluding to the first sentence of Section 11060, General Code (later former Section 2709.24, Revised Code), which was, "The corporation may abandon any case or proceedings after paying into court the amount of defendant's costs, expenses, and attorney fees, as found by the court," stated:

"The first sentence of this section obviously relates to a voluntary abandonment of the appropriation proceedings by the plaintiff *at any state thereof either before or after judgment.*" (Emphasis added.)

In the case of *Norfolk & Western Ry. Co.* v. *Campbell,* 11 Ohio App. 151, which related to what was later former Section 2709.24 Revised Code, the plaintiff railway company voluntarily abandoned the proceedings *before* trial. The court awarded trial preparation expenses and attorney's fees.

The same result was reached in *Jack* v. *Lake Erie & Western Rd. Co.,* 19 C. C. (N. S.) 249. In the case of *English* v. *Norfolk & Western Ry. Co.* (1918), 21 N. P. (N. S.) 518, 30 O. D. 230, in which case the Common Pleas Court (affirmed by Court of Appeals), speaking of the pur-

pose and requirements of what was formerly Section 11060, General Code, and later Section 2709.24, Revised Code, said:

"* * * The purpose is to require the public service corporation to reimburse property owners for costs and expenses incurred in the conduct of the proceeding where it is voluntarily discontinued. The requirements of Section 11060 [Section 2709.24, Revised Code] contemplate that the company shall pay such obligations, both where the proceeding passes to final judgment, as well as when it shall end by voluntary discontinuance. The condition upon which it may be dismissed is that the plaintiff shall pay the costs and expenses."

Under the first assignment of error, we find as a matter of law that the state's voluntary *ex parte* dismissal of this appropriation action without prejudice constituted an abandonment of the proceedings pursuant to Section 163.21 of the Revised Code. We also find that, upon such dismissal, the trial court, pursuant to Section 163.21 of the Revised Code, had the mandatory duty to enter judgment in accordance with the provisions of Section 163.21 (B), Revised Code. We find no error in such award.

The first assignment of error is overruled.

As to the second assignment of error, it is overruled for the same reasons.

*Judgment affirmed.*

RUTHERFORD and VAN NOSTRAM, JJ., concur.