OHIO EDISON COMPANY, APPELLANT, *v.* FRANKLIN PAPER COMPANY, INC. ET AL., APPELLEES.

[Cite as Ohio Edison Co. *v.* Franklin Paper Co. (1985), 18 Ohio St. 3d 15.]

(No. 84-988—Decided June 19, 1985.)

*Loomis, Poland, Wilson & Griffith* and *James E. Poland,* for appellant.

*Kelley, McCann & Livingstone, Stephen M. O'Bryan, John L. Habat, Ford, Simon & Norris* and *Seabury H. Ford,* for appellees.

WRIGHT, J. This case involves the issue of whether appellant is liable for attorney fees and expenses pursuant to R.C. 163.01 *et seq.*

Generally, an unsuccessful litigant is not liable for the litigation expenses, including attorney fees, of its adversary in the absence of a statute providing for their allowance. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177 [75 O.O.2d 224]; *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184 [75 O.O.2d 228]; *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599 [60 O.O. 530]; *Euclid* v. *Vogelin* (1950), 152 Ohio St. 538 [41 O.O. 85]. Appellees rely on two statutes, R.C. 163.21 and 163.62, to support their claims.

R.C. 163.21 provides as follows:

"(A) The agency, if it has not taken possession of the property appropriated, may, at any time not later than ninety days after the final determination of the cause, abandon the proceedings.

"(B) In all cases of abandonment as set forth in division (A) of this section, the court shall enter judgment against the agency for costs, including jury fees, and in favor of any owner, for the following items which have been incurred, for such amounts as the court deems just:

"(1) Witness fees, including expert witness fees;

"(2) Attorney fees;

"(3) Other actual expenses."

Appellant is an "agency," as that term is used in R.C. 163.21, by reason of R.C. 163.01(A), which provides:

" 'Public agency' means any governmental corporation, unit, organization, or officer authorized by law to appropriate property in the courts of this state. 'Private agency' means any other corporation authorized by law to appropriate property in the courts of this state. 'Agency' includes any public agency or private agency."

In order for an award of litigation costs, including attorney fees, to be

made to appellees, we must rule that appellant abandoned its appropriation proceedings against appellees. Since appellant pursued its cause to a verdict, it cannot be said that appellant abandoned the proceedings.

Appellees rely on *Dept. of Natural Resources* v. *Sellers* (1968), 14 Ohio App. 2d 132, for their proposition that an agency can abandon an appropriation proceeding even though the agency lost at trial. *Sellers* involved a situation where a state agency voluntarily dismissed its action before trial. The facts of that case fell squarely within the language of R.C. 163.21 since the agency dismissed its action before trial, and attorney fees therefore were properly awarded. *Sellers* is obviously inapposite to the instant case. Likewise, appellees' reliance on *Moraine* v. *Baker* (1971), 34 Ohio Misc. 77 [60 O.O.2d 361], and *Bd. of Commrs.* v. *McQuary* (1971), 26 Ohio Misc. 239 [55 O.O.2d 177], is misplaced. The former case has no bearing on the instant case because it involved a situation where the appropriation proceeding was dismissed pursuant to mutual assent by the landowner and the agency. The latter case involved a situation where the plaintiff amended its complaint to seek appropriation of a segment of the landowner's land that differed from the segment of land sought in plaintiff's original complaint. The court found that this change constituted an abandonment of the original appropriation proceeding. This case has no bearing on the instant case because appellant herein pursued its original appropriation proceeding to trial without altering the course of the easements sought. Thus, appellees cite no Ohio case law that supports their proposition that an agency "abandons" a proceeding when it loses at trial.

R.C. 163.21 is similar to R.C. 5519.02 which was examined by this court in *Shuey* v. *Preston* (1961), 172 Ohio St. 413 [17 O.O.2d 258]. R.C. 5519.02, since repealed, dealt with highway appropriations and provided, in pertinent part, as follows:

"* * * The director, if he has not occupied or changed the property appropriated, may, at any time but not later than thirty days after the final determination of the cause, elect to abandon the appropriation proceedings upon the payment of the costs and reasonable attorney fees to be fixed by the court."

For our purposes, the only difference between the operative language of this statute and the operative language of R.C. 163.21 is that R.C. 5519.02 required that the Director of Highways "elect" to abandon the proceedings, while R.C. 163.21 does not contain such requirement.

In *Shuey* v. *Preston, supra,* the trial court dismissed appropriation proceedings brought by the Director of Highways and denied awards of attorney fees for the landowners. The court of appeals reversed the trial court's denial of attorney fees and remanded the actions for the allowance of attorney fees. This court reversed the court of appeals' awards of attorney fees, reasoning that the director lost the ability to terminate the appropriation proceedings once the trial court dismissed the proceedings and

that the director's failure to appeal the dismissals was not equivalent to abandonment of the proceedings.

R.C. 163.21 should likewise be interpreted to mean that an agency will not be considered to have "abandoned" an appropriation proceeding if such proceeding was terminated against it. An agency cannot abandon a cause that it has already lost.[1] Therefore, an agency, as defined in R.C. 163.01(A), does not abandon an appropriation proceeding for purposes of R.C. 163.21 when it pursues the proceeding to trial, but does not prevail.

Appellees also argue that they are entitled to attorney fees by operation of R.C. 163.62(A) which provides, in pertinent part:

"The court having jurisdiction of a proceeding instituted by a state agency to acquire real property by condemnation shall award the owner of * * * such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceeding, if either:

"(1) The final judgment is that the agency cannot acquire the real property by condemnation; or

"(2) The proceeding is abandoned by the state agency."

R.C. 163.62(A) does not entitle appellees to attorney fees because appellant is not a "state agency" as the term is used in that section. R.C. 163.51(B) defines a "state agency," as used in R.C. 163.62, as "any department, agency, or instrumentality, of the state or a political subdivision, receiving federal financial assistance or any community urban redevelopment corporation organized pursuant to the provisions of Chapter 1728. of the Revised Code." Appellant, a utility company, is obviously not a "state agency," as that term is defined in R.C. 163.51(B), and is therefore not subject to R.C. 163.62(A).[2]

It could be argued that the result reached today is unreasonable. It would appear that if a landowner is entitled to its litigation costs when a utility company voluntarily abandons appropriation proceedings, the landowner should likewise be entitled to costs if the utility company loses at trial. However, R.C. 163.21 mandates the result reached today and it is not our function to amend the Ohio Revised Code. This function lies within the sound discretion of the Ohio General Assembly.

---

[1] See *Moraine* v. *Baker* (1971), 34 Ohio Misc. 77, 78-79 [60 O.O.2d 361], wherein the Court of Common Pleas of Montgomery County stated that:

"Abandon means to give up, discontinue, withdraw from. In law, to abandon means to cast away, leave or desert as property or a child. Stated another way, abandon means to give up or discontinue any further interest in something, because of discouragement, weariness, distaste or the like."

[2] Appellees' argument that they should be awarded attorney fees under a common-law theory because appellant acted in bad faith will not be considered by this court because the theory was not stated in appellees' motion for attorney fees, was not discussed at the trial court's hearing on the motion, was not addressed by the court of appeals, and in any event is not supported by the record.

For the reasons stated the judgment of the court of appeals as to the attorney-fee issue is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.