MATHNA *v.* SECRETARY OF STATE.

(No. 85-05614 — Decided
January 30, 1987.)

Court of Claims of Ohio.

*Roy Nichols,* for plaintiff Woodrow
W. Mathna.

*Anthony J. Celebrezze, Jr.,* attorney
general, and *Mary Kirchner,* for defen-
dant Secretary of State.

STERN, J. Plaintiff in his complaint
seeks a judgment of this court reimburs-
ing him for attorney fees he incurred in
bringing an action in mandamus seeking
to require the Secretary of State to
reverse an order. In the order, the
Secretary of State held that an election
for filling the office of Mayor for the city
of Lorain in which the then duly elected
mayor died during his elected term of of-
fice would not be held, for the remainder
of the decedent's unexpired term as
mayor. At first the Secretary of State
ordered that an election be held for a
successor to the deceased mayor. The
state official then reversed himself, and
ordered as indicated in the complaint
that no election could be held. The
Supreme Court of Ohio denied plaintiff's
request for a writ of mandamus requir-
ing the Secretary of State to order that
the election be held. See *Chevalier* v.
*Brown* (1985), 17 Ohio St. 3d 61, 17 OBR
64, 477 N.E. 2d 623.

In this action the plaintiff seeks
judgment for payment of attorney fees
incurred in representing him to seek an
order from the Supreme Court to pro-
ceed with a mayoral election. The
Supreme Court denied the request for a
writ of mandamus.

The plaintiff has filed a Civ. R. 56
motion for summary judgment stating
that there are no genuine issues in dis-
pute as to any material fact; defendant
has filed a counter-motion for summary
judgment also asserting there are no
genuine issues as to any material fact. In
a review of the pleadings filed in this
cause it is apparent that there are no
issues as to any material fact in dispute.

Any allowance of attorney fees to be
made to a litigant's counsel in litigation
against a state agency, if allowed to be
paid from the public treasury, must be
authorized by statute; there is no
legislative action, statutory or other-
wise, to sanction such an expenditure.
Therefore, such payment of attorney
fees cannot be made. *Grandle* v. *Rhodes*
(1959), 169 Ohio St. 77, 79, 8 O.O. 2d 40,
41, 157 N.E. 2d 336, 338.

The general rule in Ohio is that, ab-
sent a statutory provision allowing at-
torney fees as costs, the *prevailing
party* is not entitled to an award of at-
torney fees unless the party against
whom the fees are taxed was found to
have acted in bad faith. *State, ex rel.
Crockett,* v. *Robinson* (1981), 67 Ohio St.
2d 363, 369, 21 O.O. 3d 228, 232, 423
N.E. 2d 1099, 1103. That case cites for
authority *Sorin* v. *Bd. of Edn.* (1976), 46
Ohio St. 2d 177, 75 O.O. 2d 224, 347
N.E. 2d 527; *State, ex rel. Grosser,* v.
*Boy* (1976), 46 Ohio St. 2d 184, 75 O.O.
2d 228, 347 N.E. 2d 539. In the instant
case, moreover, plaintiff is not the
prevailing party in the mandamus pro-
ceedings held before the Supreme
Court.

Following the above-cited cases in the case of *Drake* v. *Menczer* (1980), 67 Ohio App. 2d 122, 123, 21 O.O. 3d 429, 430, 425 N.E. 2d 961, 962, the court held that where a statute permits a court to award attorney fees, the statute specifically provides for such payment to be taxed as costs. The purposes for which attorney fees may be awarded are one, such order acts as an additional sanction against a person who violates a law, and two, such award serves as encouragement to the private bar to provide representation to individuals who normally could not afford to hire an attorney. Plaintiff's complaint and his motion for summary judgment provide no statutory authority authorizing the payment of attorney fees. In fact, the file shows that plaintiff did not prevail in seeking a writ of mandamus in the case before the Supreme Court of Ohio.

In *State, ex rel. Kabatek,* v. *Stackhouse* (1983), 6 Ohio St. 3d 55, 6 OBR 73, 451 N.E. 2d 248, the plaintiff sued a public official and an award of attorney fees was requested. The court ruled that while a public official is charged with acting in bad faith by engaging in dilatory conduct, designed to prolong litigation and delay the award of back pay, such conduct does not indicate such bad faith on the part of a litigant as to justify an award of attorney fees.

More recently the Supreme Court of Ohio ruled in the case of *Ohio Edison Co.* v. *Franklin Paper Co.* (1985), 18 Ohio St. 3d 15, 18 OBR 13, 479 N.E. 2d 843, that, generally, parties cannot be allowed reimbursement for their litigation expenses, including attorney fees, in the absence of a statute providing for their allowance.

Finally, on July 8, 1985, this court in case No. 76-0572 issued an order in this cause denying plaintiff's request for attorney fees (incurred in this action) based upon *Drain* v. *Kosydar* (July 31, 1979), Franklin App. No. 79AP-78, unreported.

Plaintiff's motion for summary judgment is overruled and defendant's motion for summary judgment is sustained. Complaint dismissed.

*Complaint dismissed.*

STERN, J., retired, of the Supreme Court of Ohio, sitting by assignment in the Court of Claims.