OPINION.
Appellant Doris Whinery appeals the decision of the Stark County Court of Common Pleas that denied her request for attorney fees pursuant to R.C.163.21. The following facts give rise to this appeal. Pursuant to an agreement with Alliance City Hospital, Appellee City of Alliance commenced eminent domain proceedings, on August 30, 1999, to obtain property for construction of a new health care facility in the City of Alliance. During the pendency of this action, the property was transferred to Alliance Community Hospital in exchange for payment to Appellant Whinery in the amount of $117,000 plus $2,000 in costs. Thereafter, at a pretrial conducted on November 30, 1999, Appellant Whinery's counsel refused to agree to a dismissal pursuant to the settlement. Appellant's counsel argued that Appellee City of Alliance abandoned the eminent domain proceedings and appellant was therefore entitled to attorney fees under R.C. 163.21. On February 2, 2000, Appellee City of Alliance filed a motion for an order dismissing the subject case by reason of the settlement agreement between the parties. Appellant filed a motion for attorney fees claiming abandonment on March 16, 2000. The trial court denied Appellant Whinery's motion on April 10, 2000, finding Appellee City of Alliance did not abandon the eminent domain proceedings. In its judgment entry, the trial court concluded that "[t]he fact that the desired transfer of the real property to Alliance Community Hospital took place prior to trial though [sic] an agreement does not provide evidence of a desire of the City of Alliance to withdraw from the proceedings and desert its pursuit of the property." Judgment Entry, Apr. 10, 2000, at 3-4. Appellant Whinery timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN RELYING UPON FACTS WHICH WERE NOT PART OF THE RECORD AND CONTRARY TO STATUTORY CONSTRUCTION.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR ATTORNEY FEES IN LIGHT OF THE STATUTORY REQUIREMENTS CONTAINED IN SECTIONS 163.21(A) AND 163.62(A), OHIO REVISED CODE.
 III. THE TRIAL COURT ERRED IN DENYING ATTORNEY FEES FOR AN ANSWER FILED IN ANCILLARY PROCEEDINGS WHICH INVOLVED AN EASEMENT APPURTENANT TO THE PROPERTY INVOLVED IN THIS CASE.
 I
Appellant contends, in her First Assignment of Error, that the trial court erred in relying upon facts that were not part of the record and contrary to statutory construction. We disagree. Appellant claims the trial court's conclusion that the goal in instituting the appropriation proceedings was accomplished when the property was transferred to Alliance City Hospital was inaccurate on four grounds. First, the property was not transferred to Alliance City Hospital but to the Alliance Citizens Health Association, Inc., a corporation that was not a party to the appropriation proceedings. Second, the petition recites that the City of Alliance is acquiring the land to construct a new hospital. The petition does not reference that the Alliance Citizens Health Association, Inc. is acquiring the property for the construction of a new hospital. Third, the record contains no evidence that Alliance Community Hospital was the ultimate transferee, but rather the City of Alliance was the ultimate transferee. Finally, appellant maintains there was no settlement agreement between the parties. The trial court indicated in its judgment entry that appellant transferred her property to Alliance Community Hospital. The record in this matter contains an affidavit filed by Attorney Randall Hunt which indicates that appellant negotiated the sale of her property with Alliance Citizens Health Association, Inc. and deeded her property to Alliance Community Hospital. Although the Alliance Citizens Health Association, Inc. is a separate entity from Alliance City Hospital, the fact remains that neither party was named in the petition for appropriation. Appellant also argues the City of Alliance was the ultimate transferee of the property at issue. We disagree with this conclusion on the basis that the affidavit of Attorney Hunt indicates Alliance Citizens Health Association, Inc. negotiated the purchase of appellant's property that was eventually deeded to Alliance Community Hospital. We will address the issue of whether the parties settled this matter in appellant's Second Assignment of Error. Based on our review of the record, we conclude the trial court did not rely on facts that were not part of the record and contrary to statutory construction. Appellant's First Assignment of Error is overruled.
 II
In her Second Assignment of Error, appellant contends the trial court erred in denying her motion for attorney fees in light of the statutory requirements contained in R.C. 163.21(A) and 163.62(A). We disagree. R.C. 163.21 addresses the abandonment of appropriation proceedings and the payment of fees and expenses. This statute provides, in pertinent part: (A)(1) If it has not taken possession of property that is appropriated, an agency may abandon appropriation proceedings under sections 163.01 to 163.22 of the Revised Code at any time after the proceedings are commenced but not later than ninety days after the final determination of the cause. (2) In all cases of abandonment as described in division (A)(1) of this section, the court shall enter a judgment against the agency for costs, including jury fees, and shall enter a judgment in favor of each affected owner, in amounts that the court considers to be just, for each of the following that the owner incurred: (a) Witness fees, including expert witness fees; (b) Attorney's fees (c) Other actual expenses.
* * *
R.C. 163.62 addresses reimbursement when the final judgment is against the agency or the appropriation action is abandoned by the agency. This statute provides as follows: (A) The court having jurisdiction of a proceeding instituted by a state agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceeding, if either:
* * *
(2) The proceeding is abandoned by the state agency.
* * *
According to the above statutes, in order for a party to recover fees associated with appropriation proceedings, an agency must abandon the appropriation proceedings prior to taking possession of the property that is appropriated. Appellant claims Appellee City of Alliance abandoned the appropriation proceedings when it filed a motion to dismiss the petition for appropriation. In support of her argument, appellant cites to this court's decision in Dept. of Natural Resources v. Sellers (1968),14 Ohio App.2d 132. The Sellers case involved an action filed by the State of Ohio, Department of Natural Resources, to appropriate certain property located in Mohican State Park. Id. at 133. Approximately six days before the scheduled trial date, the trial court signed a judgment entry dismissing the appropriation action without prejudice. Id. The owners of the property the state sought to appropriate filed a motion to vacate the dismissal entry in order to reopen the case to collect trial preparation expenses pursuant to R.C. 163.21. Id. The trial court granted the property owners' motion, reinstated the case for trial preparation expenses and awarded certain expenses to the property owners. Id. at 134. The state appealed the award of expenses under R.C. 163.21. Id. We affirmed the trial court's decision and held: Where an agency of the state files an action to appropriate property pursuant to Chapter 163 (Sections 163.01 to 163.22 inclusive) of the Revised Code, and such action is voluntarily dismissed without prejudice prior to final determination, such dismissal constitutes an abandonment of the proceedings under Section 163.21(A) of the Revised Code. Id. at 132.
As in the Sellers case, appellant argues that since the City of Alliance filed a motion to dismiss, prior to the final determination of this matter, she is entitled to the reimbursement of expenses she incurred as a result of the appropriation proceedings commenced by the city. We find the case sub judice distinguishable from the Sellers case. The purpose of the appropriation proceedings, in the matter currently before the court, was to acquire property for the construction of a new hospital. The City of Alliance filed a motion to dismiss these proceedings only after the purpose for which the appropriation proceedings had been commenced was accomplished. After Alliance Community Hospital became the owner of the property, the City of Alliance had no need to further pursue the appropriation proceedings it filed in the probate court. The facts of this case also differ from Sellers in that appellant participated in the proceedings that eventually resulted in the dismissal of the petition for appropriation. In Sellers, the state filed the dismissal entry without notice to the owners of the property or their counsel. However, in the case sub judice, the record contains evidence that counsel for appellant negotiated the sale of her property with the Alliance Citizens Health Association, Inc. Thus, appellant's own conduct contributed to the City of Alliance's decision to dismiss the appropriation proceedings. Finally, we would note, as did the trial court in its judgment entry, that R.C. 163.21 provides for an award to be made to the "affected owner." Having sold the property at issue, appellant is no longer an "affected owner" since she no longer has an interest in the property. We agree with the trial court's conclusion that the purpose of R.C. 163.21 is to compensate landowners for their expenses in appropriation proceedings in which the land is never appropriated from the landowners. However, in this matter, appellant received the sum of $117,000 plus costs in the amount of $2,000. Accordingly, we conclude the trial court did not err in failing to award appellant attorney fees associated with the dismissed appropriation proceedings. Appellant's Second Assignment of Error is overruled.
 III
DC In her Third Assignment of Error, appellant maintains the trial court erred in denying attorney fees for an answer filed in ancillary proceedings that involved an easement appurtenant to the property involved in the case sub judice. We disagree. In support of this assignment of error, appellant contends she is entitled to attorney fees as a result of her involvement in the case of City of Alliance v. Sheriff, Case No. 173864. The Sheriff case involved a driveway easement that was appurtenant to the property involved in the appropriation proceedings filed against appellant. Appellant claims she is entitled to attorney fees in the Sheriff case because the appropriation proceedings filed against her by the City of Alliance could not be discussed without also discussing the Sheriff case. We conclude the trial court properly denied appellant attorney fees for the Sheriff case. First, a request for attorney fees in the Sheriff case is not properly before this court as appellant never appealed that decision to this court. Further, the Sheriff case went to trial and a jury rendered a decision in favor of appellant. The City of Alliance deposited the sum awarded into the probate court. Thus, the City of Alliance is the lawful owner of the property. Pursuant to the Ohio Supreme Court's decision in Ohio Edison Co. v. Franklin Paper Co., Inc. (1985), 18 Ohio St.3d 15, 17, appellant is not entitled to attorney fees because "[i]n order for an award of litigation costs, including attorney fees to be made to appellees, we must rule that appellant abandoned its appropriation proceedings against appellees. Since appellant pursued its cause to a verdict, it cannot be said that appellant abandoned the proceedings." The trial court properly denied appellant's request for attorney fees in the Sheriff case. Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 ________________________ Wise, J.
Farmer, P.J., and Edwards, J., concur.