OPINION
{¶ 1} Plaintiff-appellant, Board of Trustees of Deerfield Township, Ohio ("Deerfield Township"), appeals the decision of the Warren County Court of Common Pleas to grant attorney fees in an appropriation action to appellee, City of Mason ("Mason").
 {¶ 2} Deerfield Township filed a complaint under R.C. Chapter 163 to appropriate a portion of real estate owned by Mason. Mason moved to dismiss the appropriation action. The trial court found that Deerfield Township was not entitled to appropriate the subject property and dismissed the action on December 21, 2000.
 {¶ 3} In its judgment entry, the trial court assessed costs against Deerfield Township, but did not mention attorney fees or other actual expenses. The trial court granted a stay of its decision pending appeal. Deerfield Township appealed the judgment. Mason moved to lift the stay and also included a request for attorney fees. The trial court did not act on the request for attorney fees, but lifted the stay on February 6, 2001. Deerfield Township voluntarily dismissed its appeal on April 6, 2001. Mason moved for attorney fees on November 30, 2001. The trial court held a hearing on the motion and awarded attorney fees to Mason in the amount of $45,604.76. Deerfield Township appeals the award of attorney fees and presents one assignment of error.
 {¶ 4} "The trial court erred in considering and granting appellee's motion for costs and attorney's fees after the judgment was final."
 {¶ 5} Deerfield Township argues that the trial court did not have jurisdiction to hear the motion for and to award attorney fees because the motion was filed after judgment was rendered on the appropriation and such judgment was res judicata on the issues involved.
 {¶ 6} The trial court found that it could reserve the issue of attorney fees and costs and had jurisdiction to consider costs and attorney fees after it determined the issues of necessity and right to take in the appropriation proceeding.[1]
 {¶ 7} We acknowledge that if the trial court had noted in one of its decisions or entries that it was reserving the issue of attorney fees under R.C. 163.21, it might have prevented confusion. However, we agree with the trial court's assessment of its jurisdiction and reject Deerfield Township's arguments concerning final judgment and res judicata. We limit our holding to the specific facts of this case.
 {¶ 8} R.C. 163.21(B) provides, in part, that if a court determines that an agency is not entitled to appropriate particular property, the court shall enter a judgment against the agency for costs, including jury fees, and a judgment in favor of each affected owner in amounts the court considers to be just for attorney's fees and other actual expenses in connection with the proceedings.
 {¶ 9} R.C. 163.21 confers upon the trial court the jurisdiction to award attorney fees and other actual expenses for the affected owners. We will liberally interpret R.C. 163.21 to promote its object and assist the parties in obtaining justice. Sellers v. Natural Resources (1968),14 Ohio App.2d 132, 135-136. We do not read the statute to limit the timing of an award of attorney fees solely to when the trial court issued its judgment against the agency seeking the appropriation.
 {¶ 10} Further, it was not error for the trial court to consider the issue of attorney fees as long as the issue was addressed in a reasonable time after the initial finding against the agency. SeeSprovach v. Bob Ross Buick, Inc. (1993), 90 Ohio App.3d 117; see, also,Okocha v. Fehrenbacher (1995), 101 Ohio App.3d 309, 323-324.
 {¶ 11} We disagree with Deerfield Township's argument that the timing of the motion for and award of attorney fees was unreasonable.
 {¶ 12} R.C. 163.21 mandates that the trial court award an attorney fee amount it considers just. Mason's answer asked for the award of all costs associated with the appropriation action and any other proper relief. Mason also asked the trial court for costs and fees when it moved to lift the stay imposed by the trial court. Mason again asked for attorney fees in a motion filed after Mason stated that it received notice that Deerfield Township dismissed its appeal of the appropriation ruling to this court.
 {¶ 13} Deerfield Township was on notice of the issue of attorney fees in this matter, and we can find no prejudice to Deerfield Township in the trial court's actions. The trial court did not abuse its discretion in awarding attorney fees in this case. Rand v. Rand (1985),18 Ohio St.3d 356, 359.[2] Deerfield Township's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] The trial court discussed the issue in its entry of March 28, 2002, ruling on Deerfield Township's motion to reconsider.
[2] We note that the Eleventh District Court of Appeals encountered the same issue when an appropriation decision was appealed and attorney fees and costs were not addressed. The Eleventh District stayed the appeal and remanded the case to the trial court with directions to determine the attorney fee and costs issue. City of Willoughby v. Andolsek, Lake App. No. 2001-L-173, 2003-Ohio-323.