STEVENS, Appellant,

v.

HARSCO CORPORATION et al., Appellees.

STEVENS, Appellant,

v.

HARSCO CORPORATION et al., Appellees.

PETERMAN, Appellant,

v.

HARSCO CORPORATION et al., Appellees.

[Cite as *Stevens v. Harsco Corp.* (1995), 101 Ohio App.3d 164.]

Court of Appeals of Ohio,
Third District, Union County.

Nos. 14-94-23, 14-94-24 and 14-94-25.

Decided Feb. 10, 1995.

*Perry–Dieterich & Associates, Arthur C. Graves* and *Robert J. Perry,* for appellants.

*Porter, Wright, Morris & Arthur, Charles J. Kurtz* and *Christopher C. Russell,* for appellee Harsco Corporation.

*Betty D. Montgomery,* Attorney General, and *Toki M. Clark,* Assistant Attorney General, for appellees Bureau of Workers' Compensation and Industrial Commission of Ohio.

---

HADLEY, Judge.

Plaintiffs-appellants, Joyce Stevens and Teresa Peterman ("appellants"), appeal from the judgment of the Union County Court of Common Pleas finding that appellants could not participate in the Workers' Compensation Fund of Ohio.

Appellants were employed by defendant-appellee, Harsco Corporation, BMY Division ("appellee"), on March 27, 1990. On that date, appellants were at their place of employment, outside a paint booth where paint was being mixed. After being subjected to fumes from the paint, appellants were transported to Union County Memorial Hospital emergency room, treated and released. Appellants returned to work the following day, but left early and did not return to work thereafter. Appellants then filed workers' compensation claims on form OD–1–22, entitled "Self–Insured Occupational Disease Claim Application." These documents were certified and signed by appellee.

The claims proceeded unsuccessfully through the workers' compensation administrative avenues, whereupon appellants separately filed notices of appeal in the Union County Court of Common Pleas for a trial *de novo.* A jury reached verdicts that neither appellant was entitled to participate in the Workers' Compensation Fund of Ohio. Both Stevens and Peterman appealed, and the appeals were consolidated for purposes of decision.

### Assignment of Error No. I

"The trial court erred in excluding evidence relating to the claim applications of plaintiffs that were fully certified as valid by the defendant-employer."

In this assignment of error, appellants argue that the trial court erred by excluding their "Self–Insured Occupational Disease Claim Application[s]" ("claim applications") from being considered by the jury. Appellants' trial counsel attempted to present the claim applications during the testimony of appellants. The claim applications state that appellants were "exposed to paint fumes" when

their "disease" [1] began on March 27, 1990. These claim applications were signed and certified by appellee. The trial court refused to allow the claim applications to be used, agreeing with appellee's statement that the claim applications were misleading, and querying as to their purpose and whether they aided the trier of fact in resolving the ultimate issue in the case. Appellants' trial counsel then made a proffer of the claim applications on the record, and both documents were included in the record.

Generally, in order for a claimant to participate in the Workers' Compensation Fund as a result of accidental injury, the claimant must demonstrate, by a preponderance of the evidence, "that a direct and proximate causal relationship existed between his injury and the harm or death." *Randall v. Mihm* (1992), 84 Ohio App.3d 402, 406, 616 N.E.2d 1171, 1174. Thus, the ultimate issue in a workers' compensation case is usually confined to whether an employee's injury was proximately caused by some harm in his employer's workplace. The causal relationship is determined by the totality of the circumstances. *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus.

Herein, appellants must have presented to the trier of fact evidence of the injuries of which they complain that were proximately caused by exposure to the paint fumes emitted in appellee's plant on March 27, 1990. The claim applications only state the harm to the employees, they do not state that appellants suffered injury as a result of the harm of being exposed to paint fumes. Admission of the claim applications into evidence may have only served to mislead the jury in concluding that appellee's certification of the harm appellants incurred was an admission that it caused the injuries of which appellants complain without examining the totality of evidence presented by the parties of a possible causal relationship between the exposure of the paint fumes to the injuries of which appellants complain.

Appellants rely upon *Milnes v. Connor* (Feb. 25, 1985), Stark App. No. CA6456, unreported, 1985 WL 7202, for their argument that workers' compensation claim applications are entitled to be considered by a jury. *Milnes* is factually different from the matter *sub judice*. The employee and employer in *Milnes* disputed the nature of their relationship after the employee filed a workers' compensation claim. The employer had certified the employee's claim on the employee's application. At trial, the employer argued that the employee

---

1. The record indicates that this case has proceeded through the trial court as an "injury" claim, not a "disease" claim. No explanation is given why "disease" claim applications were filled out by appellants or why the case has proceeded as an "injury" claim when it (may have) originally proceeded as a "disease" claim.

had not cooperated with it to obtain workers' compensation benefits. The Ninth District Court of Appeals found that the trial court's refusal to allow the claim application into evidence was reversible error, because the claim application went to an issue expressly in contention by the parties.

The matter *sub judice* differs from the facts in *Milnes* inasmuch as the parties herein do not dispute the nature of their relationship in the handling of the claim application, which was a material issue in the *Milnes* case.

Thus, we find no error in the trial court's exclusion of appellants' claim applications because they were not relevant to the ultimate issue (the causal relationship between the harm and appellants' injury), and may have misled the jury.

This assignment of error is overruled.

### Assignment of Error No. II

"The trial court erred in overruling plaintiffs['] objection to and motion to strike testimony from a defense expert witness relating to 'perceived toxic exposure.'"

■ Appellants argue that the trial court improperly allowed certain testimony of one of appellee's expert witnesses regarding "perceived toxic exposure." The expert gave information regarding persons who have not actually been exposed to toxic substances, but perceive they have been exposed to toxic substances. Any alleged error by appellees regarding testimony of "perceived toxic exposure" is moot, as noted by appellee in its brief. The jury returned interrogatory number one in regard to appellant Stevens, answering "yes" to it, which states:

"Do you find by a preponderance of the evidence that Plaintiff Joyce Stevens was exposed to any chemicals in The Niles Plant while working at Harsco Corporation/BMY Division at about 3:00 p.m. on March 27, 1990?"

In jury interrogatory number two, the jury listed the specific chemicals they believed appellant Stevens had been exposed to on March 27, 1990. The jury also answered "yes" to the same interrogatories asked of appellant Peterman. Thus, the jury herein found that both appellants had actually been exposed to chemicals on March 27, 1990, and it disregarded appellee's expert witness's theory that appellants' exposure could have been perceived, not actual. Therefore, any error in allowing testimony of "perceived toxic exposure" is moot.

This assignment of error is overruled.

### Assignment of Error No. III

"The trial court erred in the admission and exclusion of causal relation testimony elicited from a toxicologist called by the defense as an expert witness."

■ Appellants argue in this assignment that the trial court permitted testimony by an expert witness, Dr. Deborah Gray, called by appellee regarding "toxic encephalopathy." Appellants state that "toxic encephalopathy" was not at issue in the trial. Contrary to this assertion, the transcript of the jury trial indicates that one of appellants' own expert witnesses, Dr. Raymond Aldefer, called during appellant's case-in-chief and prior to Dr. Gray, stated that he attributed both appellants' symptoms to "toxic encephalopathy." Because appellants opened the door to a discussion of "toxic encephalopathy," appellee was permitted to address appellants' expert witness's diagnosis in the presentation of its defense. Thus, the trial court did not abuse its discretion in allowing the testimony of Dr. Gray regarding Dr. Aldefer's diagnosis of "toxic encephalopathy."

■ Appellants also allege error in the trial court's admission of appellee's Exhibit No. Ten, an exhibit used by Dr. Gray which summarized the testimony of Dr. Aldefer. The basis for this argument is that an exhibit which is one witness's summary of another witness's testimony is not permitted to be admitted into evidence. Appellants do not challenge the exhibit on any other basis.

The exhibit in question lists the symptoms Dr. Aldefer gave for each appellant. Dr. Gray referred to the summary when testifying whether she believed the symptoms Dr. Aldefer gave for each appellant could have been caused by exposure to paint fumes on March 27, 1990.

We have reviewed the record in regard to this alleged error and cannot find error by the trial court in allowing this chart to be used by appellee in the presentation of its case. If the diagram was inaccurate, appellants have not indicated such. Further, we have found no case law, and appellants do not cite to any case law, to support their sole basis for their argument that one witness cannot summarize another witness's testimony and record that summation on a chart. Evid.R. 1006 permits summaries of voluminous written documents, but does not exclude summaries of testimonials from being admitted as evidence.

A trial court has wide discretion in the admission and exclusion of evidence, and the trial court's exercise of this discretion will not be disturbed on appeal, absent an abuse of discretion. *Dorsey v. Donohoo* (1992), 83 Ohio App.3d 415, 615 N.E.2d 239. Upon a review of the relevant portions of the record and appellants' argument, we find no abuse of discretion by the trial court in admitting appellee's Exhibit No. Ten.

This assignment of error is overruled.

The judgments of the Union County Court of Common Pleas are affirmed.

*Judgments affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.