OPINION
{¶ 1} Defendant-appellant, Kent Lanham, appeals from a decision of the Warren County Court of Common Pleas affirming a magistrate's decision in a case filed against him by plaintiffs-appellees, Donna and Philip Hughes.
 {¶ 2} Appellant contracted with appellees to act as general contractor in constructing a log home for them. Problems arose during the construction that the parties were unable to resolve. Appellees filed a complaint, alleging that there were numerous deficiencies in appellant's workmanship in the construction of the home. Appellant filed a counterclaim, alleging that he was due additional compensation under the contract.
 {¶ 3} The case was heard by a magistrate, who heard testimony for three days in April 2002, three days in September 2002, and a final day in October 2002. On February 13, 2003, the magistrate issued a decision. Both appellant and appellees filed objections to the decision. According to both parties, the trial court held an informal conference in chambers regarding the objections. According to appellant, the trial judge indicated that he would consult with the magistrate on the decision. According to appellees, the trial court remanded the matter back to the magistrate with instructions.
 {¶ 4} The magistrate issued an amended decision on May 12, 2003. Again, both parties filed objections to the decision. The trial court issued a Decision and Final Judgment Entry on October 2, 3003. The entry overruled appellant's objections and sustained appellees' objection regarding the magistrate's calculation of credits due to appellees on the contract.
 {¶ 5} Appellant now appeals the trial court's decision and raises nine assignments of error for our review. For ease of discussion, several of the assignments of error are addressed out of order.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The trial court erred by failing to comply with rule 53(E)(4)(b) of the Ohio Rules of civil procedure after objections were filed with respect to the original Magistrate's Decision."
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred in allowing the magistrate to issue an amended decision after objections were filed to the decision. He contends that the trial court did not formally recommit the matter to the magistrate with instructions as required by the Ohio Civil Rules of Procedure.
 {¶ 9} Ohio Civ.R. 53(E)(4)(b) states that when objections are filed to a magistrate's decision, "[t]he court shall rule on any objections[.] [T]he court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Appellant argues that the magistrate should not have issued an amended decision without a formal recommitment by the trial court.
 {¶ 10} However, appellant fails to establish any prejudice by the lack of a formal, written recommitment. The amended magistrate's decision corrected the numerical value of several findings in the first decision which appellees contended were inconsistent with the evidence presented. The case was heard over seven days and involved factual findings regarding issues such as the amount of the draws on the loan, the amount of allowances in the contract which were paid for by appellees, extras added to the contract and the cost of numerous repairs to the home. The magistrate heard the evidence and was in a better position to determine if the decision included typographical errors, mathematical mistakes and/or inconsistencies, as alleged by appellees. Both parties acknowledge that they understood from the informal conference that the trial court was going to consult with the magistrate regarding the objections.
 {¶ 11} In addition, after the amended decision, appellant had the opportunity to file objections and to argue any error in the changes. In fact, appellant's objections include a challenge to the findings in the amended decision as changed from the first decision. Thus, while the better practice would have been for the trial court to specifically recommit the matter to the magistrate in writing, the failure to do so was not prejudicial to appellant. See Seff v. Davis, Franklin App. No. 03AP-159, 2003-Ohio-7029. Appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 5:
 {¶ 13} "The trial court erred by failing to consider the Affidavit Submitted in Support of Objections."
 {¶ 14} In his fifth assignment of error, appellant argues that the trial court erred in failing to consider an affidavit attached to his objections to the original magistrate's decision and referenced in his objections to the amended magistrate's decision.
 {¶ 15} Civ.R. 53(E)(3)(c) states that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Appellant's counsel attached an affidavit he prepared to support the objections to the magistrate's decision. The affidavit stated that he began representing appellant in September 2002, which was after the first three days of trial were completed. The affidavit further states that he talked to the court reporter, who informed him that the condition of the audiotape of the first three days of the trial was extremely poor, that most of the proceedings were inaudible and that any attempt at transcribing the proceedings would be futile. The affidavit then announces, "It is my understanding, from discussions with the parties and other counsel in this matter * * *." This introductory sentence is followed by several paragraphs stating what the attorney had been told regarding deficiencies of appellees' expert's testimony, including statements such as: "During Mr. Smith's testimony at trial, there was no testimony or opinion offered that the construction of the house at issue was not done in a workmanlike manner, but rather simply personal choices Mr. Smith may have done differently. The plaintiffs never offered any expert testimony regarding these issues." These statements are followed by the attorney's statement that "I could not confirm definitely the foregoing because such would be within the first three days of trial when the recording system was not working properly."
 {¶ 16} The affidavit also includes two paragraphs discussing objections appellant's counsel made during the remaining portion of the trial when he was representing appellant, including the basis for such objections.
 {¶ 17} We find no error in the trial court's failure to consider this evidence. Appellant first failed to establish that the transcript was not available as required by Civ.R. 53. Although he states that the affidavit is made on personal knowledge, his conclusions regarding the unavailability of the transcript are hearsay because they are based on statements of the court reporter. "Personal knowledge" has been defined as "knowledge of factual truth which does not depend on outside information or hearsay." Wall v. Firelands Radiology, Inc. (1995),106 Ohio App.3d 313, 335. A person cannot obtain personal knowledge based on conversations with others. Zeedyk v. Agricultural Soc. ofDefiance Cty., Inc., Defiance App. No. 4-04-08, 2004-Ohio-6187; seeBonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314, 320,2002-Ohio-2220.
 {¶ 18} Moreover, appellees had a portion of the testimony from the first three days of trial transcribed in order to rebut appellant's allegations regarding their expert's testimony. While there are several instances of "inaudible" in the transcript, the transcript as a whole does not support counsel's statement in his affidavit that the transcript is unavailable. In addition, there is no allegation that a transcript of the remaining days of trial was unavailable.
 {¶ 19} Second, even if appellant had established that the transcript was unavailable, the statements contained in the affidavit are not based on personal knowledge and are hearsay, as they are based on statements appellant's counsel heard from previous counsel and the parties.
 {¶ 20} Furthermore, the statements are entirely selfserving characterizations of the proceedings before the magistrate and not a reflection of "all the evidence" presented at the hearing as required by the applicable rule. See Dancy v. Dancy, Cuyahoga App. No. 82580, 2004-Ohio-470. Accordingly, we find no error in the trial court's decision not to consider the affidavit as support for appellant's objections to the magistrate's decision. Appellant's fifth assignment of error is overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "The trial court erred by concluding that the amended Magistrate's decision contained sufficient findings by which the trial court could properly and throughly [sic] review the amended magistrate's decision."
 {¶ 23} In his second assignment of error, appellant argues that the trial court erred in overruling his objections to the inadequacy of the magistrate's decision. In these objections, appellant argued that the magistrate's decision did not contain sufficient information for the trial court to render an independent decision, it failed to identify the specific evidence from which it determined credits due to appellees, it stated facts in a "conclusional" and summary manner, and the amended decision was in conflict with the findings in the original decision with no indication of the rationale for the changes. The trial court determined that the findings in the decision were sufficient to alert the court to the rationale for the magistrate's conclusions. On appeal, appellant argues and cites authorities for the proposition that a magistrate's decision must contain sufficient information to enable a trial judge to render his own decision.
 {¶ 24} However, the cases cited by appellant were all decided prior to the extensive amendment of Civ.R. 53 in 1995. Prior to 1995, the rules required magistrates (then called referees) to issue reports containing findings of fact sufficient for the trial court to make an independent analysis. Currently, the rules state that "unless required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision." Civ.R. 53(E). According to the civil rules, findings of fact and conclusions of law are required only if: 1) any party makes a request; 2) it is required by law; or 3) it is required by the order of reference. Civ.R. 53(E)(2).
 {¶ 25} In this case, appellant did not request findings of fact and conclusions of law, nor were they required by the order of reference or by law. Therefore, we find no error in the sufficiency of the magistrate's decision. Appellant's second assignment of error is overruled.
 {¶ 26} Assignment of Error No. 3:
 {¶ 27} "The Trial Court erred by modifying the amended Magistrate's decision without a sufficient evidentiary basis."
 {¶ 28} In his third assignment of error, appellant argues that the trial court erred in crediting appellees an additional $5,400 under the contract because the magistrate's decision failed to provide any basis for the trial court to place a specific dollar amount on the credits.
 {¶ 29} In the amended decision, the magistrate found: "The Hughes[es] took charge of purchasing certain items for which Lanham had given them an allowance (stove, hardwood floor, cabinets, countertops, vanities, and sinks, fixtures, appliances, stairs and banisters) and the Hughes[es] are entitled to a credit for these allowances in the amount of $30,800." As mentioned by appellant, the magistrate's decision fails to place a specific dollar amount on each item, but gives a total credit amount due of $30,800.
 {¶ 30} In objections to the magistrate's decision, appellees argued that the magistrate failed to calculate the amount of the credit properly and that they were entitled to $5,400 of additional credits. As support, they submitted portions of the trial transcript in which the parties discussed the credits and stipulated to a base amount of $30,800.[1]
During this discussion, the parties used exhibit 151, which was a summary of the evidence, including a summary of the items and their corresponding values for which the Hugheses were seeking credit. Appellant's counsel referred to amounts of $12,000, $11,800, $4,500, $1,000, and $1,500. When read in conjunction with exhibit 151, these numbers correspond to a stove, hardwood floors, appliances, vanities and sinks, and fixtures, respectively. The parties eventually stipulated that allowances/credits were at least $30,800, but agreed that appellees claimed a total of $38,950.
 {¶ 31} In his decision, the magistrate specifically found that appellees were entitled to credit for stairs and banisters, cabinets and countertops, in addition to the items listed above. The numerical amount of these items was summarized in exhibit 151, but was also found on other exhibits in the record. The trial court amended the magistrate's decision to include an additional $5,400 of credits for these items. Therefore, we find, contrary to appellant's argument, that although the magistrate's decision did not specifically state a numerical figure for each item, there was a sufficient basis for the trial court to change the numerical amount of credits due, based on the transcript and the exhibits. Appellant's third assignment of error is overruled.
 {¶ 32} Assignment of Error No. 4:
 {¶ 33} "The trial court erred by allowing settlement funds from third-party defendants to be received solely by the plaintiffs even though both parties had claims against those defendants."
 {¶ 34} In his fourth assignment of error, appellant claims that the trial court erred in allowing settlement funds from third-party defendants to be received solely by appellees when appellant also had claims against these third-party defendants.
 {¶ 35} Appellees filed a third-party claim against Heritage Log Homes and Highland Heritage Log Homes, the seller and sales representatives who supplied the log home materials. Appellant filed a third-party complaint for right of contribution from the third-party defendants. The magistrate stated in his decision that "[d]uring the trial on this matter, both Heritage Log Homes and Highland Heritage Log Homes, Inc. settled with the Hughes[es] for a total of $5,000."
 {¶ 36} In his brief, appellant contends that he also had claims against the third-party defendants and the Hugheses would be unjustly enriched if allowed to keep the entire proceeds of the settlement. In their brief, appellees claim that appellant voluntarily dismissed his claims against the third-party defendants.
 {¶ 37} The trial court found that appellant had failed to support his objection regarding the settlement because he did not make a reference to a transcript or to any document which supports his claim that he is entitled to the proceeds of this settlement. Appellant's claim against the third-party defendants was for contribution. Nothing in the magistrate's decision supports appellant's claim on appeal that he is entitled to some type of credit for the settlement between appellees and the third-party defendants. None of the documentary evidence supports appellant's claim, and again, no transcript was prepared for the trial court to review. Appellant's fourth assignment of error is overruled.
 {¶ 38} Assignment of Error No. 6:
 {¶ 39} "The trial court erred by allowing the use of unsubstantiated hearsay and improper summary evidence by which plaintiffs claimed to have proven their damages."
 {¶ 40} In his sixth assignment of error, appellant argues that the trial court erred in overruling his objection to the magistrate's "inappropriate use of hearsay and summary evidence." Specifically, appellant objects to the admission of exhibit 151 into evidence. This document, prepared by appellees, summarized several different exhibits and presented a total overview of appellees' payments and claims in this case. The document summarized the cost of the construction, draws on the loan, claims regarding allowances due appellees, payments made to appellant for "extras" in the construction, payments made by appellees directly to sub-contractors, credits for items supplied in the construction by appellees, and amounts to repair faulty construction.
 {¶ 41} Decisions regarding the admission of evidence are within the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Wightman v. Consolidated Rail Corp., 86 Ohio St.3d 431,437, 1999-Ohio-119. In considering a challenge to a summary exhibit presented by a witness outlining evidence presented by another witness, the Third District found no error in the admission of the summary exhibit. Stevens v. Harsco Corp. (1995), 101 Ohio App.3d 164. Instead, the court found that "Evid.R. 1006 permits summaries of voluminous written documents, but does not exclude summaries of testimonials from being admitted as evidence." Id. at 169. We find that the same logic applies to this case. The summary document was simply an aid used to present an overview of the claims made by appellees. We find no abuse of discretion in the trial court's decision to admit this exhibit.
 {¶ 42} Appellant also appears to argue that appellees failed to support the figures on this exhibit, and that some of the figures used by the trial court were based on this exhibit alone without any underlying documentation or witness testimony.
 {¶ 43} However, as mentioned above, according to the civil rules, "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(b). Pursuant to this rule, a party challenging the factual findings of a magistrate is required to provide the trial court with a transcript of the hearing before the magistrate to support the objections. Eash v. Eash (1984), 14 Ohio App.3d 298, 298. A trial court may adopt a magistrate's findings of fact without conducting an independent review of the evidence where the party objecting to the magistrate's report fails to provide a transcript of the proceedings.Wilson v. Wilson (Sept. 30, 1996), Clermont App. No. CA96-02-014, citingState ex rel. Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728, 730,1995-Ohio-272. An appellate court's role in reviewing a trial court's decision under such circumstances is to determine whether the trial court abused its discretion in applying the law to the facts. Duncan at 730.
 {¶ 44} In this case, appellant filed objections to the magistrate's decision without filing a transcript of the magistrate's hearing. The trial court was thus incapable of conducting an independent review of the magistrate's decisions to determine whether there was no support for the figures on the summary exhibit as alleged by appellant. Accordingly, we find no error in the trial court's adoption of the findings in the magistrate's report. Appellant's sixth assignment of error is overruled.
 {¶ 45} Assignment of Error No. 7:
 {¶ 46} "The trial court erred by allowing expert testimony from an individual that was not qualified to testify as an expert."
 {¶ 47} In his seventh assignment of error, appellant argues that the trial court erred in allowing the testimony of William Smith as an expert witness. Appellant contends that the trial court failed to serve as a gatekeeper in controlling the admission of testimony.
 {¶ 48} Evid.R. 702 allows the admission of expert testimony where the witness' testimony relates to matters beyond the knowledge or experience of lay persons; the witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; and the witness' testimony is based on reliable scientific, technical, or other specialized information. Evid.R. 702(A)-(C). As a threshold to the introduction of expert testimony, the trial court must first determine if the expert is qualified under Evid.R. 104(A).
 {¶ 49} A trial court's ruling as to the admission or exclusion of expert testimony is within its broad discretion and will not be disturbed absent an abuse of that discretion. Alexander v. Mt. Carmel Medical Ctr.
(1978), 56 Ohio St.2d 155; McKinney v. Schlatter (1997),118 Ohio App.3d 328, 338. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. See State ex rel. Lee v. Montgomery, 88 Ohio St.3d 233, 235, 2000-Ohio-316.
 {¶ 50} A review of the transcript of Smith's testimony (which was provided by appellees) reveals that he was questioned by the parties regarding his qualifications before being qualified as an expert by the trial court. Smith testified that he is a licensed engineer and holds a degree in industrial engineering with coursework in civil engineering. He is a residential home inspector and performs both home and commercial inspections. Smith stated that he also does structural inspections and is a member of the American Society of Home Inspectors. He stated that his company performs whole house inspections, which include items such as plumbing, electrical, HVAC, and structural analysis of the home. He further testified that he is familiar with building codes and has inspected log homes in the past.
 {¶ 51} Appellant's counsel cross-examined Smith regarding his qualifications. Smith stated that although he has inspected a few log homes, he is not a "log home expert." Appellant argues that Smith should not have been qualified as an expert on this basis. We disagree. Smith's testimony established that he is an expert in the area of home inspection. Although Smith testified that he was not an expert on log homes, this fact goes to the weight and credibility of Smith's testimony, not the admission. In fact, on cross-examination, appellant questioned Smith regarding the differences in log homes from regular homes, and whether he took certain factors related to log home construction into account in rendering his opinion. We find no abuse of discretion in the trial court's decision to qualify Smith as an expert witness. Appellant's seventh assignment of error is overruled.
 {¶ 52} Assignment of Error No. 8:
 {¶ 53} "The trial court erred by concluding that the putative expert demonstrated fault as well as causation."
 {¶ 54} In his eight assignment of error, appellant argues that Smith's testimony did not establish that the construction of the house was not done in a workmanlike manner and that the testimony at trial failed to establish deficiencies in all the areas for which the court awarded damages.
 {¶ 55} While Smith's testimony may not have included the precise words that the areas he identified as defects were the result of the work not being performed in a "workmanlike manner," that statement is evident in the discussions of how each area was not constructed properly. Moreover, Smith's report was admitted into evidence and in describing the defects in the home, specifically uses the phrase "not completed in a neat and workmanlike manner consistent with industry standards." During cross-examination, appellant's counsel specifically questioned Smith regarding his report and read this statement from the report verbatim and questioned Smith regarding the statement.
 {¶ 56} Smith's testimony adequately establishes causation and damages for several areas of defects in the home. To the extent that appellant appears to argue that not all of the damage awards were not supported by evidence, we again note that appellant failed to provide a transcript of the complete proceedings for the trial court to review. Therefore, we find no merit to appellant's eighth assignment of error.
 {¶ 57} Assignment of Error No. 9:
 {¶ 58} "The trial court erred by failing to ensure that the magistrate properly held the plaintiffs to proving their loss with reasonable certainty."
 {¶ 59} In his ninth assignment of error, appellant argues that the magistrate failed to apply the correct standard of proof to appellees' claims. Specifically, he contends that the trial court stated that the evidence "suggests" the cost of repairs.
 {¶ 60} However, on reading the magistrate's decision as a whole, it is clear that the applicable standard of proof was correctly applied. In his decision, the magistrate stated:
 {¶ 61} "`Because damages for injury to an expectation interest are limited to actual loss, the evidence must establish that loss with reasonable certainty'. Rasnick v. Tubbs (1998), 126 Ohio App.3d 431,438. See, also, Textron Fin. Co. v. Nationwide Mut. Ins. Co. (1996),115 Ohio App.3d 137, 144; Brads v. First Baptist Church ofGermantown, Ohio (1993), 89 Ohio App.3d 328, 339. `[C]ourts require greater certainty in the proof of damages for breach of contract, nor may it award damages based solely on evidence that is speculative.' Gilmorev. American Gas Mach. Co. (C.P. 1952), 70 Ohio Law Abs. 569, 573."
 {¶ 62} The magistrate then stated the language appellant argues is an incorrect statement of the standard: "With these principles in mind, the Magistrate concludes that certain aspects of Lanham's work were deficient and required, or will require correction. The preponderance of the evidence suggests that $25,200.00 is the reasonable cost of repair."
 {¶ 63} We note that this court has previously defined "reasonable certainty" as established "where it is probable or more likely than not."Hacker v. Mail (June 24, 1996), Butler App. Nos. CA-95-10-170, -172, -175.
 {¶ 64} While the magistrate's choice of words argued by appellant was not a precise statement of the standard, we find that, when read in context, the decision as a whole applies the correct standard. Appellant's ninth assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.
[1] There was a dispute between the parties whether the amounts claimed by the Hugheses were allowances for which they were entitled to a credit, or whether they were items for which the Hugheses were responsible for outside the contract.