## BOZZELLI, et v H H SEFF ADV CO

Ohio Appeals, 9th Dist, Summit Co
No 1776. Decided April 4, 1930

Walter S. Hutchison, Akron, for Bozelli, et.
Benner, Harter & Watters, Akron, for Adv. Co.

WASHBURN, J.

While said agreements contain no express promise on the part of the defendant to pay plaintiff anything, such promise may be implied from the defendant's written approval of the agreements, and besides, as to the first agreement, there was a payment from defendant to plaintiff of $15, and as to the second agreement, defendant promised to remove its signs put up under the first agreement and complied with that promise, and hence, under the evidence in this case, there was a consideration for the agreements signed by Lorenzo Bozzelli; but in determining the rights of the parties, we must keep in mind the nature of the agreement and the fact that at the time of the bringing of this action the defendant company had no sign boards upon said premises.

If, by said contracts, the defendant company was not granted any interest in said real estate, the injunction asked by plaintiffs should be granted and the defendant company left to pursue its remedy in damages for a breach of the contracts by Bozzelli.

What relation between the parties was created by said agreements? The fact that the parties denominated themselves as landlord and tenant and referred to the contract as a lease, is not determinative of the question. The intent of the parties, as gathered from the contracts and the surrounding circumstances, should be the governing consideration in determining the nature of the relation between them.

It is quite evident that the parties did not intend to create an easement in said property, for an easement is a right which one proprietor has to some profit, benefit or lawful use out of, or over, the estate of another proprietor.

A tenancy exists where one has let real estate to another, to hold of him as landlord, but it does not necessarily imply a right to complete and exclusive possession; there may be possession on the part of the landlord for all purposes not inconsistent with the privileges granted to the tenant.

A license is a permission to do some act or series of acts on the land of the licensor without having any permanent interest in it; it may be given in writing or by parol, and whether with or without consideration, it is subject to revocation, but constitutes a protection to the party acting under it until the revocation takes place.

A license is present where an easement or a tenancy is granted, but if no interest in land is proposed to be created and nothing beyond a mere temporary use of the land is promised, there is nothing but a bare license. It depends, as has been said, upon the intention of the parties.

The agreements in question, which were prepared in printed form by the defendant and consist of promises on the part of the plaintiff and contain no express promise on the part of the defendant, clearly fall within the rule requiring the court to give to them a construction most favorable to the plaintiff; and considering that they relate only to "advertising privileges," which are in no way defined or described, and that permanent possession clearly was not contemplated, and that if any exclusive possession was contemplated it is not described or defined in any manner—considering these matters and all the facts and circumstances as shown by the evidence, we are unanimously of the opinion that there was no purpose to give an interest in the land and that the defendant has no rights therein that it can enforce by a suit in ejectment or forcible entry and detainer, and that a court of equity cannot properly decree the specific performance of said agreements.

We think our conclusion is supported by

the following authorities:

Wilkins v. Irvine, 33 Oh St 138.
Yeaker v. Trening, 79 Oh St 121.
Fowler v. Delaplain, 79 Oh St 279.
Rodefer v. Railroad, 72 Oh St 272.
City of Hamilton v. Ashbrook, 62 Oh St 511.
Peterson & Wright Co. v. City of Akron, 20 C. C. (N. S.) 375.
1 Thompson on Real Property, Sec. 647.
2 Thompson on Real Property, Sec. 1024.
1929 Supplement of Thompson on Real Property, Sec. 1024.
Lowell v. Strahan, 1 Am. St. Rep., at p. 422.

The defendant, having no interest in the land, should be enjoined from entering upon the same or interfering in any manner with anything thereon, and such a decree may be drawn.

Funk, PJ, and Pardee, J, concur.