OHIO VALLEY ADVERTISING CORPORATION, Plaintiff-Appellant, v. LINZELL, Dir., Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5676. Decided November 6, 1957.

Eagleson & Eagleson, Columbus, Kinder, Kinder & Kinder, Martins Ferry, for plaintiff-appellant.

William Saxbe, Atty. Genl., Hugh E. Kirkwood, Jr., Dwight E. Walter, Asst. Attys. Genl., Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court sustaining a demurrer to the plaintiff's petition and the plaintiff not desiring to plead further final judgment was rendered in favor of the defendant and the petition was ordered dismissed.

The petition consists of seven counts all of which recite that the State of Ohio through its acting Director of Highways, George Thormyer, appropriated certain perpetual easements and rights of way for road purposes and railroad purposes over lands upon which plaintiff had erected advertising signs in pursuance of certain agreements with the owners of the land. It was alleged that the agreements were made for specified terms and subject to certain renewal privileges on the part of the plaintiff; that they granted to plaintiff and its assigns the right to maintain advertising on any part of the premises described, for the specified sums; that such premises were leased for such terms and that the plaintiff was "given no estate or interest in and no control or right of possession of the premises except the license or permission above mentioned (of changing or removing the billboards) and that in the event of a tax levy or any adverse legislation on the structures, the lease could be cancelled."

The petition further alleged that the plaintiff entered upon the said premises and erected certain structures and paid the sums of money which were to be paid annually pursuant to the provisions of the written instruments; that the plaintiff was not made a party to the appropriation proceedings although the defendant well knew of the existence of the plaintiff's claim. Plaintiff is contending that it had a certain interest in and upon the premises under the writing alluded to hereinbefore for which compensation is sought.

The first question presented is the nature of the agreement under which the signboards were placed upon the properties by the plaintiff. In other words, what do the agreements amount to? Were they leases or mere licenses? Counsel for the plaintiff admit in their brief that the agreements were neither witnessed nor acknowledged, although we consider this fact of no importance in solving our questions. The real nature of an instrument is not determined by what it is designated within itself but rather its exact nature is decided by a full consideration of all of its terms. In **Pitts v. Housing Authority, 160 Oh St 129,** the court clearly points out the distinction between the terms "lease" and "license." At page 137, Judge Taft quotes with approval from American Jurisprudence, to wit:

"In 32 American Jurisprudence, 27, Section 2, it is said:

" 'The relation of landlord and tenant is created by contract, either express or implied, by the terms of which one person designated "tenant" enters into possession of the land under another person known as "landlord." A tenant, including a tenant for years, is an occupant who has not only an interest in land, but also some estate, be it ever so little, such as the estate of a tenant at will. He is "one who occupies the premises of another in subordination to that other's title and with his

assent express or implied" * * *. There is authority to the effect that presence or absence of possession of the premises is a distinguishing factor between the relationship of landlord and tenant and that of lessor and lessee—that is, the one relation is referable only to the contract, and the other to both the contract and the change in possession of the premises. Thus, it has been said that the lessee is not a tenant until he enters into possession. Usually, however, the word "landlord" as employed in legal parlance, as well as in ordinary usage, means the same as "lessor," and the word "tenant" the same as "lessee." ' "

"Here, defendant gave plaintiff's parents possession of the premises under a written contract providing therefor. Obviously, plaintiff's parents were occupying the premises in subordination to the title of defendant thereto and with defendant's express assent. Their relationship was referable not only to an express contract but to the change in possession of the premises.

"In 32 American Jurisprudence, 31, Section 5, it is said:

" 'A license to do an act upon land involves the exclusive occupation of the land by the licensee, so far as is necessary to do the act, and no further, whereas a lease gives the right of possession of the land, and the exclusive occupation of it for all purposes not prohibited by its terms.

" 'Whether an instrument is a license or a lease depends generally on the manifest intent of the parties gleaned from a consideration of its entire contents. Even though a contract purports to be a "license," if it is strictly within the definition of a lease, it will be construed as such, and not as a license.' "

In the case of **DiRenzo v. Cavalier, 165 Oh St 386,** the court held that a license to do an act upon land involves the exclusive occupation of the land by the licensee so far as is necessary to do the act and no further, whereas a lease gives the right of possession of the land and the exclusive occupation of it for all purposes not prohibited by its terms; that whether an instrument is a license or a lease depends generally upon the manifest intent of the parties gleaned from a consideration of the entire contents of the instrument.

See also 25 **O. Jur., 315, Section 24.**

In **Bozzelli v. Seff Adv. Co., 8 Abs 642,** under facts quite similar to ours, the court held that despite the form of the agreement it brought into being nothing more than a mere license and no interest in the land was conveyed.

We are of the opinion that the facts pleaded in the petition establish that the status of the plaintiff was merely that of a licensee and that he was possessed of no interest in the land involved in this action. However, counsel for the plaintiff are contending that the precise nature of the plaintiff's property rights is not important; that the real question presented is whether the plaintiff's property was taken by the State without compensation, it being contended that the wriings under which the plaintiff claims create an interest greater than that of a bare licensee.

Reference is made to the case of Coney Island Co. v. McIntyre-Paxton Co., 200 Fed. 901, which we do not feel appears to be on all fours with our case. In that case a right was created by a written instrument

for the land to be used for a definite period upon which a merry-go-round was to be operated. Such an operation requires the constant use of the premises and it will be noted that at page 906 the court states:

"It (the contract) pertained to the use of personal property, in whose beneficial use plaintiff (the owner of the land) was directly interested It provided for action to be done on plaintiff's land for its benefit, not merely to be derived from its interest in the defendant, but through compensation to be paid directly to plaintiff for right to so operate. The defendant, moreover, as well as the plaintiff, was under express obligation to perform it. Such rights, we think (if effectively conveyed), amount to an interest in the land, as distinguished from a mere license."

We shall rely upon the Ohio authorities cited, supra, and hold that the written instruments referred to in the petition created no interest in the plaintiff in the land under consideration. The law in this state seems to be. well established that a license creates no interest in land. **Rodefer v. Pittsburg, etc. Rd. Co., 72 Oh St 272; Callaghan v. Callaghan, 25 Oh Ap 96; Bozzelli v. Seff Adv. Co., 8 Abs 642.** A licensee does not have possession except so far as is necessary to do the licensed act upon the land.

A land appropriation proceeding is an action in rem. It is an appropriation of physical property in which the value of the various interests in the property is determined and the proceeds applied accordingly. The manner in which the values are determined is clearly defined in **Sowers v. Schaeffer, et al., 155 Oh St 454.** Since the plaintiff has no interest in the appropriated land it is entitled to no compensation from this 'defendant by reason of its appropriation. The only remedy that the plaintiff might have available, in our opinion, would be an action for damages and which may not be maintained for the reason that the petition contained no allegation that the State of Ohio has given its consent to this suit. **Article I, Section 16, Ohio Constitution.** Although the State is not a party of record to this action it is well established that a suit against a state officer may be interpreted to be one against the State where the relief sought and judgment would operate to subject the State to liability. See **37 O. Jur. 268, Section 44.**

We note that the plaintiff urges that the suit may be maintained under the provisions of **Article I, Section 19, Ohio Constitution.** The applicable part of this section provides:

"Private property shall ever be held inviolate but subservient to the public welfare, when taken * * * for the purpose of making or repairing roads, which shall be open to the public, without charge and compensation shall be made to the owner, * * *."

Even though this section may be self-executing, as urged by counsel, we are of the opinion that it confers no rights upon the plaintiff to maintain this action as its subject matter was not property taken for the "making or repairing of roads," but a mere chose in action, if anything. We think it clear that the plaintiff has suffered a loss by reason of the appropriation, but that an action for the same may not be maintained against this defendant until there is a legislative enactment authorizing the suit.

We are of the opinion that the demurrer was properly sustained and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.