BOARD OF PARK COMMISSIONERS OF THE COLUMBUS AND FRANKLIN
COUNTY METROPOLITAN PARK DISTRICT, APPELLANT, v.
DEBOLT ET AL., APPELLEES.

[Cite as Bd. of Park Commrs. v. DeBolt (1984), 15 Ohio St. 3d 376.]

(No. 84-507—Decided December 31, 1984.)

*Mr. Hugh E. Kirkwood, Jr.,* for appellant.
*Mr. John B. Banks* and *Ms. Jennifer M. Banks,* for appellees.

REILLY, J. The issue presented by this appeal is whether, under the circumstances presented, it was error for the trial court to exclude testimony relative to the market value of a select cutting of timber and to prevent any consideration of such issue by the jury in making the award to appellees.

Appellant urges that no separate value can be placed on the timber, but that the value of the land fixed by the expert witnesses reflects the fact that the land contains valuable timber. Appellant contends that such rule of valuation is dictated by the early decision of *Foote* v. *Lorain & Cleveland Ry. Co.* (1901), 21 Ohio C.C. 319, affirmed without opinion (1903), 67 Ohio St. 543, which stated that standing trees have no value separate and apart from the land. It is asserted by appellant that the holding of the court of appeals is erroneous because personal property is

not included in land appropriation proceedings. This, appellant argues, is demonstrated by the cases of *Sowers* v. *Schaeffer* (1951), 155 Ohio St. 454 [44 O.O. 419], and *Ohio Valley Advertising Corp.* v. *Linzell* (1957), 107 Ohio App. 351. Appellant also cites *Sowers, supra,* and *Preston* v. *Stover Leslie Flying Service, Inc.* (1963), 174 Ohio St. 441 [23 O.O.2d 100], in support of the proposition that lost profits are not a proper element of an award in an appropriation action.

It is true, as a general proposition, that mineral deposits, standing crops and timber are not subject to valuation in an appropriation proceeding, separate and apart from the land upon which they are located. Similarly, the loss of future profits to be derived from a commercial venture operated upon appropriated land is generally not subject to reasonably accurate proof. The rationale ordinarily offered for this exclusion is that the determination of the market value of such items is too dependent upon speculation on future events. *Preston, supra; Sowers, supra.* However, in this case, the court of appeals found that the evidence in the record suggested the existence of a contract for the sale of timber, which was destroyed by the appropriation. Hence, the aforementioned propositions fail to address the issue presented by the decision of the court of appeals.

A contract can constitute property which is protected against governmental taking without just compensation. *Long Island Water Supply Co.* v. *Brooklyn* (1897), 166 U.S. 685; *Omnia Commercial Co.* v. *United States* (1923), 261 U.S. 502; *A. W. Duckett & Co.* v. *United States* (1924), 266 U.S. 149. The distinguishing feature between those cases which allow compensation for the loss or destruction of a contract and those which deny it is whether the contract rights of the party seeking compensation are a part of the *res* which is taken.

Thus, in the *Long Island* case, *supra,* compensation was awarded to a water supply company for a contract between it and a municipality for the supply of water, when the physical assets of the water company were appropriated for public use. Similarly, in *A. W. Duckett, supra,* the owner of a leasehold interest in a pier was compensated for the loss of that interest when the use of the pier was appropriated in a wartime emergency.

By contrast, in *Omnia Commercial Co., supra,* compensation was denied the buyer of steel under a contract with a producer for a portion of that producer's future output, when the entire future output was appropriated from the producer by the government. A similar result was reached by the court of appeals in *Ohio Valley Advertising Corp.* v. *Linzell, supra.* There, compensation was denied an advertising company for the loss of its rights under a contract permitting the erection of billboards, when the property covered by the contract was appropriated by the government.

In the *Long Island* and the *A. W. Duckett* cases, *supra,* the contract rights of the party seeking compensation flowed directly from its interest

in the property which was taken. In *Long Island,* the claimant's interest in the contract resulted from its ownership of the water system, with which it could meet its obligation to supply water to the municipality, while in *A. W. Duckett,* the claimant had a leasehold interest which allowed it to use the pier. The rights of the claimant in *Omnia Commercial Co., supra,* on the other hand, flowed from the promise of the producer to sell steel to *Omnia,* and the rights of the claimant in *Linzell* flowed from the promise of the landowner to permit the erection of advertising signs. Neither claimant in the latter two cases held any direct interest in the *res* which was taken, and hence the rights of these claimants under the contracts were not taken by the appropriation.

In the present case, the court of appeals found that the evidence received prior to appellant's objection suggested the existence of a contract, and that such contract, if it existed, was a part of the *res* which was taken. Clearly appellees' rights under the timber contract were part of the *res* taken, for appellees were left with no rights under a contract enforceable against any other party to such contract.

Moreover, the record supports a finding that a contract may have existed for the sale of the timber. Dudley DeBolt testified that he was to receive $14,000 for the sale of some 150,000 board feet of lumber, and that such lumber was to be obtained in a select cutting, which was permitted under the terms of his mother's will. The timber cutter also testified to the fact that 150,000 board feet of lumber could be obtained in a select cutting, and revealed that he had first surveyed the property some eighteen months prior to the trial.

If a contract for the sale of timber in fact existed, it is a contract for the sale of goods, not realty. R.C. 1302.03(B). Such a contract is protected against a governmental taking without just compensation, as it was part of the *res* taken by appellant. Since such a contract is an asset separate and apart from the land, it is subject to separate valuation, and it was error for the trial court to limit testimony in this regard.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for HOLMES, J.