DORSEY et al., Appellants and Cross–Appellees,

v.

DONOHOO et al., Appellees and Cross–Appellants.

[Cite as *Dorsey v. Donohoo* (1992), 83 Ohio App.3d 415.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–01–002.

Decided Nov. 2, 1992.

*Donald W. White,* Clermont County Prosecuting Attorney, and *Elizabeth Mason,* Assistant Prosecuting Attorney, for appellants and cross-appellees.

*George E. Pattison,* for appellees and cross-appellants.

WALSH, Judge.

Plaintiffs-appellants, the Clermont County Board of County Commissioners and its members ("appellant")[1] appeal a decision of the Clermont County Court of Common Pleas awarding compensation and damages to defendants-appellees, John and Patricia Donohoo, in an eminent domain proceeding. In addition, appellees have asserted a cross-appeal on the issue of the trial court's denial of attorney fees and expenses.

The record indicates that in 1988 appellant formulated plans for a limited access highway designed to by-pass a portion of State Route 28 in Miami Township. The by-pass was designed to link Route 28 to Interstate 275 and to thereby alleviate traffic congestion on the by-passed portion of Route 28. An interchange to permit access to the by-pass was designed for Wolfpen–Pleasant Hill Road. In order to allow access to the by-pass, via an on ramp, appellant planned to widen Wolfpen–Pleasant Hill Road from two lanes to four.

To accommodate the interchange for the by-pass, appellant planned to appropriate a segment of appellees' property located on Wolfpen–Pleasant Hill Road. It filed a petition for appropriation on November 16, 1990 and an amended petition on September 9, 1991. Pursuant to the amended petition, appellant appropriated 1.451 acres of appellees' 4.67–acre tract in fee simple absolute and an additional .068 acres subject to a permanent easement for ingress and egress. All of the appropriated property was zoned residential. Of the remaining property, approximately 1.4 acres was zoned residential and the remainder was zoned commercial. Appellees' residence is situated on the residue and, based

---

1. The commissioners were listed individually at the trial court level and on appeal.

upon appellant's plans, will be approximately thirty feet from the interchange when the project is completed.

Appellant deposited $12,500 with the trial court as compensation for the appropriation and for damages, if any, to the residue. The court filed an entry of appropriation on March 18, 1991. The parties agree that March 18, 1991 is the date of the appropriation for valuation purposes.

The parties were unable to agree on the amount of compensation and damages, and the case proceeded to trial on November 4, 1991. Both parties presented evidence concerning compensation and damages to the residue and, on November 7, 1991, the jury returned a verdict awarding appellees $65,833 in compensation for the property taken and $84,624 in damages to the residue. The court entered judgment in accordance with the jury verdict on December 31, 1991.

On September 5, 1991, appellees filed a motion for attorney fees and expenses related to appellant's alleged abandonment of its original petition and the amendment of that petition. Following a hearing conducted on December 17, 1991, the trial court denied appellees' motion in an entry filed December 23, 1991.

Appellant brings the instant appeal, setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred as a matter of law in permitting evidence of changes in traffic flow resulting from plaintiff-appellant's highway project to be considered by the jury as an element of damage to the residue of defendant-appellees' property.

"Assignment of Error No. 2:

"The trial court erred as a matter of law in permitting evidence of increased noise resulting from plaintiff-appellant's highway project to be considered by the jury as an element of damage to the residue of defendant-appellees' property.

"Assignment of Error No. 3:

"The trial court erred as a matter of law in permitting testimony and reports regarding the value of defendant-appellees' property where the value of the property taken was based on conjecture and where damage to the residue was based change [sic] in traffic flow.

"Assignment of Error No. 4:

"The trial court erred as a matter of law in permitting the admission of evidence and testimony regarding the value of natural resources considered separate and apart from the value of the land being appropriated."

In their cross-appeal, appellees assert the following assignment of error:

"The trial court erred in denying landowners [*sic*] motion for fees and expenses."

Each of appellant's assignments of error relates to the admission of evidence at the trial court level. Thus, we begin by noting that in general, decisions concerning the admission of evidence are within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 163, 17 O.O.3d 98, 100, 407 N.E.2d 490, 493. An abuse of discretion means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is arbitrary, capricious or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In its first assignment of error, appellant argues that the court erred in admitting into evidence the testimony and report of appellees' expert, Ron Roberts. Roberts, a civil engineer, testified as to the effects the change in traffic flow would have on the value of the residue and submitted a report substantially in accordance with his testimony. Appellant claims error in the admission of this evidence. However, the record does not reveal a timely objection having been made by appellant. Appellant cites numerous objections made during the course of Roberts's testimony, but none of those objections related to the claimed error. Further, there was no objection to the introduction of Roberts's report. Therefore, the error, if any, is deemed waived, and we need not address the issue on its merits. See Evid.R. 103(A); *Messer v. Severance* (Dec. 31, 1987), Butler App. No. CA87–03–033, unreported, 1987 WL 32757. Appellant's first assignment of error is overruled.

In its second assignment of error, appellant contends that the court erred in admitting evidence concerning noise from the proposed by-pass and its effect on the market value of the residue. Appellant did object to the testimony of appellees' expert, Dr. William Bowlby, a civil engineer specializing in transportation noise. It did not object, however, to the admission of the report prepared by Dr. Bowlby containing substantially the same evidence that he presented on the stand. As such, we conclude again that any error on the part of the trial court was waived. Evid.R. 103(A); *Messer, supra.* The second assignment of error is accordingly overruled.

In the third assignment of error, appellant argues that the trial court erred in admitting evidence of valuation based on the appropriated land being used as commercial property and in admitting evidence of damages to the residue due to the change in traffic flow near the property. First, appellant claims that evidence pertaining to commercial property valuation was speculative because the land taken was zoned residential and any valuation based on the income potential

of the land would be too heavily dependent on the success of the potential enterprise and changing economic conditions.

At trial, appellees' expert, Stanley Stein, testified as to the value of the land as a commercial property. He based his opinion on the "income method" of appraisal, in which land is valued based on its ability to produce income from a business development operating on the property. Appellant claims prejudicial error in the admission of this evidence.

As appellant states, the Supreme Court of Ohio has held that "[a]s a rule, profits from commercial businesses on premises cannot be shown in an appropriation proceeding for the reason that such profits are too speculative, depending as they do upon the acumen and skill of the one who carries on the business * * *." *Sowers v. Schaeffer* (1951), 155 Ohio St. 454, 44 O.O. 419, 99 N.E.2d 313. See, also, *Toledo Edison Co. v. Roller* (1974), 46 Ohio App.2d 61, 63, 75 O.O.2d 60, 61, 345 N.E.2d 430, 431. Evidence concerning a given enterprise has also been found to be speculative where the land would require rezoning for such enterprise. *Id.*

In the instant case, however, Stein did not introduce evidence of profits from a potential business as an element of compensation. He merely based his assessment of the market value of the land upon its use as a commercial property. Stein testified that a prospective buyer would assess the value of the Donohoo property according to its ability to produce income through commercial development and was able to list specific factors, such as access, the amount of frontage, and the topography of the land, that led to his evaluation. Stein conceded that this method of valuation was subject to a certain amount of speculation and explained that he had taken such uncertainty into account when rendering his opinion as to the worth of the land. The other real estate experts testifying at trial, including appellant's expert, Pike Levine, stated that the income method of valuation is generally accepted in real estate appraisal.

Further, the fact that the land was not zoned for business did not render the admission of the evidence erroneous. Experts for both parties testified that, given the nature of the surrounding uses, it was highly probable that the zoning of appellees' property could be changed to commercial if such change were requested. In fact, Levine stated that he had "no doubt" that such a change would be granted if sought. Levine himself based his appraisal of the value of the residue upon such a change being granted for that parcel and the land being used for a commercial venture. Under these circumstances, we find no abuse of discretion in the trial court's admission of the evidence.

■ Second, appellant argues that the trial court erred in allowing Stein to testify as to the damage to the residue that would be caused by the highway project's interference with access to the property. This testimony was also

predicated upon the parcel being used for commercial purposes. However, appellant failed to object to Stein's testimony regarding access, and, thus, waived any claim of error. See Evid.R. 103(A) and *Messer, supra.* Appellant's third assignment of error is overruled.

In the fourth and final assignment of error, appellant claims that the trial court erred in admitting evidence concerning the valuation of the trees on appellees' property. At trial, appellees presented the videotaped testimony of an arborist, Ed Butcher, who testified as to the value of the trees on the appropriated land.

 In general, items such as mineral deposits, standing crops, and timber are not subject to valuation in an appropriation proceeding separate and apart from the land upon which they are located. *Bd. of Park Commrs. v. DeBolt* (1984), 15 Ohio St.3d 376, 378, 15 OBR 494, 495, 474 N.E.2d 317, 319. Valuation of such items is generally excluded on the basis that the determination of market value is too dependent upon speculation as to future events. *Id.* Thus, appellant is correct in its statement of the general rule that trees are not properly subject to valuation apart from their effect on the value of the land.

██ · In the instant case, though, we find no error in the admission of Butcher's testimony. Appellant's expert, Levine, had been permitted to testify as to the manner in which the presence of the trees affected the market value of the appropriated land. Levine's testimony included the valuation of specific trees on appellees' property and also included the opinion that the trees were in essence worth nothing in terms of their effect on market value. Given this testimony, the trial court properly admitted the testimony of Butcher for rebuttal or impeachment purposes. Further, the court specifically instructed the jury that the evidence with respect to the trees was to be considered only in relation to the market value of the land and that the trees were not a separate compensable item. Therefore, we find no error in the court's ruling, and appellant's fourth assignment of error is overruled.

██ We turn now to the cross-appeal. In their cross-appeal, appellees argue that the trial court erred in failing to award them attorney fees and expenses due to appellant's claimed abandonment of its original appropriation petition. In its original petition for appropriation filed November 16, 1990, appellant sought appropriation of the .068 acre parcel in fee simple absolute, with no provision for an easement of ingress or egress. Construction plans, however, reflected such an easement, showing appellees' driveway crossing the parcel.

In July 1991, appellant filed a motion to amend its petition so as to reflect the easement for ingress and egress. That motion was granted and the amended petition was filed September 9, 1991. Appellees claim that this amendment constituted an abandonment of the original petition and caused them substantial

expenses in altering their trial strategy. As such, they claim that the trial court erred in refusing to award them attorney fees and expenses.

R.C. 163.21, governing abandonment of appropriation proceedings, provides in part as follows:

"(A)(1) If it has not taken possession of property that is appropriated, an agency may abandon appropriation proceedings under sections 163.01 to 163.22 of the Revised Code at any time after the proceedings are commenced but not later than ninety days after the final determination of the cause.

"(2) In all cases of abandonment as described in division (A)(1) of this section, the court shall enter a judgment against the agency for costs, including jury fees, and shall enter a judgment in favor of each affected owner, in amounts the court considers to be just, for each of the following that the owner incurred:

"(a) Witness fees, including expert witness fees;

"(b) Attorney's fees;

"(c) Other actual expenses[.]"

In the context of appropriation proceedings, the term "abandon" means "to give up, discontinue, withdraw from * * *, cast away, leave or desert * * *. Stated another way, 'abandon' means to give up or discontinue any further interests in something * * *." *Moraine v. Baker* (C.P.1971), 34 Ohio Misc. 77, 78–79, 60 O.O.2d 361, 362, 297 N.E.2d 122, 125, cited with approval in *Ohio Edison Co. v. Franklin Paper Co.* (1985), 18 Ohio St.3d 15, 18, 18 OBR 13, 15, 479 N.E.2d 843, 846, fn. 1.

In the case at bar, appellant cannot be said to have abandoned its original appropriation petition. The parcel of land to be appropriated was identical in the two petitions. The only amendment was the addition of the easement for ingress and egress in favor of appellees, an easement that appeared in the original construction plans formulated by appellant in conjunction with the petition of November 16, 1990. We cannot conclude that such amendment was so substantial as to constitute a relinquishment of the original appropriation petition. Further, given the fact that the county took steps to conform its pleading to the construction plans well in advance of the trial date, we can perceive no prejudice to appellees in their preparation for trial.

■ Appellees also argue that the trial court should have granted fees and expenses on the basis of appellant's alleged bad faith in amending the pleadings. This argument is not persuasive. The record is devoid of any indication of bad faith on the part of appellant. As noted above, appellant took prompt action in amending the petition, and there is no evidence that the amendment was designed to prejudice appellees in any way. The trial court did not err in

refusing to award appellees attorney fees and expenses, and appellees' sole assignment of error is accordingly overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, P.J., and KOEHLER, J., concur.