[Cite as *Dublin v. Wirchanski*, 2011-Ohio-2461.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

CITY OF DUBLIN,

    PLAINTIFF-APPELLANT,          CASE NO.  14-10-22

    v.

JOHN L. WIRCHANSKI, ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Union County Common Pleas Court
Trial Court No. 2008 CV 0535

**Judgment Affirmed**

Date of Decision:  May 23, 2011

APPEARANCES:

    *Alan G. Starkoff and Asim Z. Haque*  **for Appellant**

    *Robert J. Behal and Michael Braunstein*  **for Appellee, John L. Wirchanski**

    *Rick Rodger*  **for Appellee, Union County Treasurer**

**PRESTON, J.**

{¶1} Plaintiff-appellant, the City of Dublin (hereinafter "Dublin"), appeals the judgment of the Union County Court of Common Pleas, which denied Dublin's request to partially abandon its appropriation proceedings with respect to two of the three parcels of land involved that were owned by defendant-appellee, John Wirchanski (hereinafter "Wirchanski"). For the reasons that follow, we affirm.

{¶2} This case concerns an appropriation action filed by Dublin on October 28, 2008 for three parcels of land owned by Wirchanski, and its subsequent request to partially abandon the appropriation proceedings pursuant to R.C. 163.21(A)(1). Essentially, this case involves the issue of whether Dublin took possession of Parcel 91-WL for purposes of R.C. 163.21(A), such that it was not allowed to abandon its appropriation proceedings as to that particular parcel. The facts are largely not in dispute and are stated as follows.

{¶3} In 2004, Dublin began contemplation of the US 33/SR 161/Post Road interchange project. The design work for the project was conducted through 2006 and the construction plans for the project, which was broken down into three

phases, were finalized sometime in 2007.[1]

{¶4} For its 33/161 Project, Dublin needed three specific parcels of land, which were all owned by Wirchanski. As a result, Dublin contacted Wirchanski around 2006 regarding his property and the construction of 33/161 Project. At that time, these parcels, along with Wirchanski's remaining adjoining property, were being farmed on behalf of Wirchanski by a sharecrop farmer.

{¶5} Due to Wirchanski's opposition in negotiations with Dublin for his property, on October 28, 2008, Dublin commenced an appropriation lawsuit against Wirchanski in order to appropriate, in fee simple, three parcels of land from Wirchanski for the construction of the 33/161 Project.

{¶6} The three parcels of land are commonly referred to as Parcel 71-WD, Parcel 91-WL and Parcel 92-WL,[2] and the acreage of each of these takes are as follows:

1. Parcel 71-WD:   4.651 acres
2. Parcel 91-WL:   13.407 acres
3. Parcel 92-WL:   1.745 acres

---

[1] Prior to commencing the appropriation proceedings involved in the case *sub judice*, Dublin acquired by means of eminent domain a fee simple interest in 3.449 acres of property underneath where the Industrial Parkway was to go, which was located in between two of the parcels involved in this appropriation proceedings.

[2] These three tracts of land were commonly referred to as Parcel 71-WD, Parcel 91-WL, and Parcel 92-WL during the proceedings below and were labeled as such administratively by Dublin. Because these designations were consistently used throughout the proceedings and were accepted by the parties and the trial court, we will continue to refer to the three tracts by their administrative labels for ease of our discussion.

At the same time the complaint was filed, pursuant to a Joint Motion for Distribution of Funds and consistent with its appraisals, Dublin tendered a check in the amount of $6,881,128.00 to Wirchanski, which was broken down by parcel as follows:

1. Parcel 71-WD: $ 1,630,002.00
2. Parcel 91-WL: $ 4,982,599.00
3. Parcel 92-WL: $ 268,527.00

The parties stipulated further that the payment to Wirchanski entitled Dublin to full possession of, and the absolute right to enter upon the property. Nevertheless, Wirchanski disputed Dublin's appraisals, in particular arguing that Parcel 91-WL was worth somewhere between $8,076,876.00 - $8,980,525.00.

{¶7} The parties continued to litigate the issue regarding the value of the appropriated real property for over a year, until April 21, 2010, when Dublin filed a notice of partial abandonment. In particular, Dublin sought to abandon the appropriation of Parcels 91-WL and 92-WL, but not the appropriation of Parcel 71-WD since, as it admitted in its pleading, it had already taken possession of that particular parcel.

{¶8} Wirchanski filed a motion to strike claiming that Dublin could not abandon part of its appropriation proceedings, but instead had to dismiss its entire appropriation proceedings pursuant to R.C. 163.21(A). In addition, Wirchanski also filed a motion in opposition claiming that Dublin could not abandon Parcels

91-WL and 92-WL because it had already taken possession of those parcels. Dublin filed a response and requested an evidentiary hearing on the issue of possession and abandonment. The trial court overruled Wirchanski's motion to strike and ordered that an evidentiary hearing take place concerning the issue of the possession of Parcels 91-WL and 92-WL.

{¶9} An evidentiary hearing was held on July 2, 2010 and July 23, 2010 for the purpose of determining whether Dublin could rightfully exercise its statutory right to abandon the remaining two parcels of land.

{¶10} On August 19, 2010, after reviewing all of the evidence presented at the evidentiary hearing, the trial court issued its journal entry finding that Dublin had not taken possession of Parcel 92-WL, but had taken possession of Parcel 91-WL. As a result, the trial court found that Dublin could abandon Parcel 92-WL but could not abandon Parcel 91-WL, and subsequently ordered the matter be set for trial to determine the value of Parcel 91-WL.

{¶11} Dublin now appeals and raises the following assignment of error for our review.[3]

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING DUBLIN ITS STATUTORY RIGHT OF**

---

[3] Although Wirchanski appears to set forth an assignment of error of his own, no timely notice of cross appeal was filed and the purported assignment of error will be disregarded as it is not properly before this Court. See App.R. 4(B)(1).

**ABANDONMENT UNDER O.R.C. § 163.21, THEREBY COMPELLING DUBLIN TO ACQUIRE 13.407 ACRES OF PROPERTY FROM APPELLEE THAT ARE NO LONGER NEEDED FOR A PUBLIC ROADWAY CONSTRUCTION PROJECT.**

{¶12} In its only assignment of error, Dublin argues that the trial court erred as a matter of law in finding that Dublin had possessed Parcel 91-WL, and, thus, was not permitted to abandon its appropriation proceeding as to that particular parcel.

{¶13} The statutory provision at issue in the case *sub judice* is R.C. 163.21, which in pertinent part, states:

> **(A)(1) If it has not taken possession of property that is appropriated, an agency may abandon appropriation proceedings under section 163.01 to 163.22 of the Revised Code at any time after the proceedings are commenced but not later than ninety days after the final determination of the cause.**
> **(2) In all cases of abandonment as described in division (A)(1) of this section, the court shall enter a judgment against the agency for costs, including jury fees, and shall enter a judgment in favor of each affected owner, in amounts that the court considers to be just, for each of the following that the owner incurred:**
> **(a)   Witness fees, including expert witness fees;**
> **(b)   Attorney's fees;**
> **(c)   Other actual expenses.**

{¶14} However, before we address Dublin's assignment of error, we must first address the alleged procedural defect that Wirchanski claims occurred in this case. In particular, Wirchanski claims that Dublin could not have filed its notice of partial abandonment with respect to the individual parcels involved because,

pursuant to R.C. 163.21, it was only permitted to abandon its "appropriation proceedings" in its entirety. Initially, we note that Wirchanski did not file an appeal or cross-assignment of error claiming that the trial court erred in allowing Dublin to amend its complaint. Nevertheless, even if we were to assume that the issue is properly before us to consider, we would find that the trial court did not err because, regardless of whether Dublin could amend its complaint or had to voluntarily dismiss its entire proceeding, the ultimate question that the trial court had to determine was whether Dublin possessed Parcel 91-WL such that it would not be permitted to abandon the appropriation proceedings under R.C. 163.21(A)(1). Since the trial court actually made a determination of "possession" in its judgment entry, we find that no error occurred.

{¶15} While Wirchanski presented the exact issue below in his motion to strike Dublin's notice of partial abandonment, the trial court overruled Wirchanski's motion to strike finding that Dublin's pleading was a motion for leave to amend its complaint. Rejecting Wirchanski's argument, the trial court found that, "[a]lthough R.C. 163.21 may under certain circumstances authorize the abandonment of an appropriation proceeding, once a Complaint has been filed, R.C. 163.21 does not operate in isolation. The City's Notice of Partial Abandonment can be viewed an amendment to the Complaint and thereby within the purview of Civil Rule 15." (May 25, 2010 JE).

-7-

{¶16} First of all, we believe that the trial court did not err in treating Dublin's pleading as a motion for leave to amend its complaint. Here, while Dublin originally requested to appropriate Parcels 71-WD, 91-WL, and 92-WL, it later requested to abandon Parcels 91-WL and 92-WL and to continue the appropriation and subsequent valuation of Parcel 71-WD. Thus, it essentially was asking the trial court to allow it to amend its original appropriation complaint to only include Parcel 71-WD. Pursuant to Civ.R. 15(A), after responsive pleadings have been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party," and according to the rules, "[l]eave of court shall be freely given when justice so requires." Civ.R. 15(A). As the Ohio Supreme Court has recognized, the proper way for a plaintiff to dismiss fewer than all claims against a defendant is to amend the complaint pursuant to Civ.R. 15(A). *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, at ¶19. Other courts have approved of Civ.R. 15's application in appropriation proceedings: *Madison Cty. Bd. of Commrs. v. Bell*, 12th Dist. No. CA2005-09-036, 2007-Ohio-1373, ¶¶79-82 (finding no prejudicial error in the trial court's decision granting the board of commissioners leave to amend its complaint; the original complaint sought a fee simple interest in the property, and was amended to request only an easement); *Dorsey v. Donohoo* (1992), 83 Ohio App.3d 415, 421-23, 615 N.E.2d 239 (finding no error in allowing the board of

county commissioners to amend its appropriation petition to add an easement for ingress and egress on the landowner's property); *Montgomery County v. McQuary* (1971), 26 Ohio Misc. 239, 239-42, 265 N.E.2d 812 (finding that Civ.R. 15(A) applied to appropriation proceedings, but that the amended complaint brought into consideration R.C. 163.21).

{¶17} Nevertheless, regardless of whether a party may amend its appropriation complaint, like the trial court allowed Dublin to do in this case, or whether a party must voluntarily dismiss its entire appropriation proceedings, *any* attempted change to the underlying appropriation action automatically triggers R.C. 163.21 considerations and must be dealt with first. Again, R.C. 163.21(A) states that "[i]f it has not taken possession of property that is appropriated, an agency may abandon appropriation proceedings." Typically, the question that is presented with respect to R.C. 163.21 is whether the agency's particular action constituted abandonment of the appropriation proceedings such that it now owes the landowner costs and expenses of the litigation. For example, with respect to dismissals, courts have generally held that when an agency voluntarily dismisses its appropriation action, it has abandoned the appropriations proceedings for purposes of R.C. 163.21(A), and, thus, must pay the landowner's costs and expenses of the litigation. See *Ohio Edison Co. v. Franklin Paper Co., Inc.* (1985), 18 Ohio St.3d 15, 479 N.E.2d 843, at paragraph one of syllabus

(discussing what actions constitute abandonment in appropriation proceedings under R.C. 163.21 and holding an agency does not abandon an appropriation proceeding for purposes of R.C. 163.21 when it pursues the proceedings to trial, but does not prevail); *Ohio Edison Co. v. Long* (May 13, 1987), 9th Dist. No. 12883, at *1 (finding that an agency does not abandon its appropriation proceedings for purposes of R.C. 163.21 when an agency voluntarily dismisses the proceedings because the landowner prevails and conclusively establishes his defense to the appropriation action); *City of Toledo v. Chambers* (Feb. 1, 1991), 6th Dist. No. L-90-021, at *2-3 (finding that an agency's voluntary dismissal amounts to an abandonment of the appropriation proceedings for purposes of R.C. 163.21 despite the agency's claims that it intended to re-file its appropriation action in the future); *Dept. of Natural Resources v. Sellers* (1968), 14 Ohio App.2d 132, 237 N.E.2d 328, paragraph one of the syllabus (holding that where an agency files an action to appropriate property pursuant to Chapter 163, and such action is voluntarily dismissed without prejudice prior to final determination, such dismissal constitutes an abandonment of the proceedings under R.C. 163.21(A)). Compare *City of Alliance v. Whinery* (Nov. 13, 2000), 5th Dist. No. 2000CA00137, at *2-3 (distinguishing *Sellers* and finding that landowner's own conduct contributed to city's decision to dismiss the appropriation proceedings and landowner was not an "affected owner" under R.C. 163.21 since she had already

sold her property, thus city's dismissal did not amount to an abandonment for purposes of R.C. 163.21).

{¶18} Similarly, depending on the facts of the case, courts have held that an agency has abandoned for purposes of R.C. 163.21(A) when it has "amended" its original appropriation action. *Madison Cty. Bd. of Commrs.*, 2007-Ohio-1373, at ¶¶79-82 (finding no prejudicial error in the trial court's decision granting the board of commissioners leave to amend its complaint; the original complaint sought a fee simple interest in the property, and was amended to request only an easement). See, also, *Dorsey*, 83 Ohio App.3d at 421-23 (finding that amendment did not amount to an abandonment of the proceedings since the agency only added an easement for ingress and egress on the landowner's property, thus landowner was not entitled to attorney fees and expenses); *Montgomery County*, 26 Ohio Misc. at 239-42 (finding that the amended complaint was tantamount to an abandonment of the original proceedings such that the landowner was entitled to costs and expenses).

{¶19} Here, it is clear that the proposed amendment to Dublin's complaint amounted to an abandonment of the appropriation proceedings as to Parcels 91-WL and 92-WL.  Thus, the only question was whether Dublin was allowed to amend its complaint in that manner, because as the language in R.C. 163.21 explicitly states, an agency may abandon appropriation proceedings, "*[i]f it has*

*not taken possession of property that is appropriated.*" R.C. 163.21(A) (emphasis added). Since there was a dispute about whether Dublin had taken possession of Parcel 91-WL, the trial court had to first determine whether Dublin had taken possession of Parcel 91-WL before it could determine whether Dublin could amend its complaint as to that parcel. Therefore, we find that the trial court properly granted Dublin an evidentiary hearing, because ultimately if Dublin had taken possession of Parcel 91-WL then it could not "abandon" its appropriation proceedings as to that parcel, regardless of whether Dublin had to voluntarily dismiss its entire action or could amend its appropriation complaint to exclude Parcels 91-WL and 92-WL.

{¶20} Now with respect to Dublin's assignment of error, Dublin claims that the trial court erred as a matter of law in denying its right to statutorily abandon its appropriation proceedings when the evidence did not support the trial court's finding that it had taken possession of Parcel 91-WL. We disagree.

{¶21} As we stated above, the central issue in this case is whether Dublin took possession of Parcel 91-WL for purposes of R.C. 163.21(A), such that it could not abandon its appropriation proceedings as to that particular parcel. We believe that such a determination centers on the facts and circumstances of each individual case and, as such, a trial court should be afforded broad discretion in determining whether the public agency has taken possession of the appropriated

property. Thus, an appellate court should not substitute its judgment for that of the trial court unless its decision amounts to an abuse of discretion. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. After reviewing the record, we find that the trial court did not abuse its discretion in finding that Dublin had taken possession of Parcel 91-WL, and thus, could not abandon its appropriation proceedings as to that particular parcel.

{¶22} An evidentiary hearing was conducted over two days. In addition to the multitude of documentary evidence presented by both parties, Dublin presented testimony from Dana McDaniel, the Deputy City Manager and Director of Economic Development for the City of Dublin, who oversaw the 33/161 Project, and deposition testimony from Kenneth Richardson, Dublin's Engineering Manager-Design. Additionally, Wirchanski testified at the hearing and presented deposition testimony from James Page, an engineer who was hired to prepare maps, examine surveys, deeds and tax maps on the appropriated real property.

{¶23} After considering all of the testimony and documentary evidence presented, the trial court ultimately concluded that Dublin had taken possession of Parcel 91-WL. (Aug. 19, 2010 JE at 27). The trial court's decision was largely based on the following affirmative actions taken by Dublin, through its agents:

1. Trucco Construction Company, the contractor hired by Dublin, as its agent, entered Parcel 91-WL on or about November 2009 and staked components of a drainage swell or drainage ditch outfall, which was in furtherance of Dublin's construction plan. (Richardson Depo. at page 20, line 20 and page 21, line 2). Because of the contractor's stakes, Wirchanski testified that he instructed his sharecrop farmer not to enter the staked area because there was the possibility of his farmer's equipment getting damaged. (July 23, 2010 Tr. at 31).

2. Clearcut, a subcontractor of Trucco Construction Company, thereafter, was hired to clear an area of trees and vegetation on Parcel 91-WL as required for the drainage swell or drainage ditch outfall project pursuant to the construction plans. Clearcut actually cleared some of the trees and vegetation on Parcel 91-WL sometime between November 20 and December 1, 2009. (Richardson Depo. at page 21, lines 3-7 and page 25, lines 4-13). The area cleared of trees and vegetation was approximately 90-100 feet wide along a portion of the south line of the parcel.

3. Dublin hired Performance Site Environment to conduct environmental studies at two locations on the southern part of Parcel 91-WL for purposes of looking for possible old underground gasoline storage tanks. (July 2, 2010 Tr. at 62); (Richardson Depo. at page 21, lines 8-13 and page 22, lines 22-23). On or about December 16, 2009, Performance Site Environment performed the environmental studies for Dublin on Parcel 91-WL, and only discovered metal feeder pipes, but found no gasoline storage tanks. (Richardson Depo. at page 23, line 17-20). While Performance Site Environment had to enter onto Parcel 91-WL to conduct its testing, the trial court noted that pursuant to R.C. 163.03, Dublin was permitted entry upon the property subject to the appropriation proceeding for surveys, soundings, drillings, appraisals, and examinations.

4. Trucco Construction Company stored concrete barriers and water main pipe on Wirchanski's property contiguous to, but not within the bounds of Parcel 91-WL. (Richardson Depo. at page 27, line 21 – page 28, line 3); (July 2, 2010 Tr. at 51-52, 103); (July 23,

2010 Tr. at 28); (Plaintiff's Exs. 19 and 20). Richardson testified that once he became aware of the existence of the concrete barriers and water main pipe on Wirchanski's real property, as an employee of Dublin, he directed that they be immediately removed. (July 2, 2010 Tr. at 52); (Richardson Depo. at page 28, lines 13-15).

5. On December 1, 2009, Richardson, on behalf of Dublin, took several photographs of different parts of Parcel 91-WL, one of which showed a piece of construction equipment, a Bobcat, still sitting in the area where the trees and vegetation were removed on Parcel 91-WL. (Richardson Depo. at page 32, lines 4-6 and lines 9-12 and attached Ex. C).

(Aug. 19, 2010 JE at 20-22). The trial court found the photographs, particularly the one that depicted a Bobcat sitting next to the area where the trees and vegetation were removed on Parcel 91-WL, significant in rendering its conclusion. (Id. at 21). As the trial court stated:

> **[i]t seems significant to the Court that the contractors and/or subcontractors working on behalf of Plaintiff Dublin left equipment sitting on parcel 91-WL and no testimony elicited, nor evidence presented, by Plaintiff Dublin that this equipment was directed to be removed from the property after Mr. Richardson noted its existence. In fact, according to Mr. Richardson,** *the purpose of the photographs in this situation was to track progress* **and he merely commented that there was some equipment in the photo upon parcel 91-WL. Moreover, this is the same Mr. Richardson who noted the storage of materials by Trucco on Defendant Wirchanski's property, not within the designated take area, and directed those materials removed.**

(Id. at 21-22) (emphasis added). In addition to the actions taken by Dublin's agents that occurred directly on Parcel 91-WL, the trial court noted that Dublin even conducted itself in a manner that further illustrated its current possessory

interest regarding Parcel 91-WL. (Id. at 19-20). In particular, Dublin's counsel sent a letter, dated January 6, 2009, to Wirchanski advising Wirchanski not to plant crops within the designated take areas since construction was anticipated to begin in 2009 and no compensation would be given for lost crops within the take areas. (Id.). In response, Wirchanski sent a letter to Dublin, dated January 15, 2009, expressing his confusion regarding Dublin's letter. Wirchanski explained that crops had been planted on the land in question for several months prior to the letter and commencement of the appropriation action. (Id.). Furthermore, sometime following the commencement of the appropriation action, Wirchanski discussed the appropriation action with his sharecrop farmer and subsequently the winter wheat on Parcel 91-WL was allowed to go fallow. (Id.).

{¶24} Based on the actions of the general contractor, its subcontractor, and even Dublin itself, through its correspondence with Wirchanski concerning the use of his property, the trial court found that Dublin had taken possession of Parcel 91-WL to the extent that it would not be allowed to abandon its appropriation proceedings as to that particular parcel. (Id. at 27).

{¶25} After reviewing the record, we cannot conclude that the trial court abused its discretion in concluding that Dublin had taken possession of Parcel 91-WL. The trial court applied the correct statute and addressed the appropriate legal question: whether Dublin had taken possession of Parcel 91-WL. In addition, the

trial court clearly articulated its findings of fact and conclusions of law, which we find were supported by the evidence in the record. While Dublin separately challenges each and every one of the above reasons the trial court made in support of its conclusion, in this particular case, when looking at the totality of the circumstances, we believe the trial court did not abuse its discretion in concluding that Dublin had taken possession of Parcel 91-WL.

{¶26} Nevertheless, Dublin lastly argues that even if we uphold the trial court's decision that it had taken possession of Parcel 91-WL, we should find that Dublin is able to "partially abandon" Parcel 91-WL and take only that portion of Parcel 91-WL that it actually performed work on. Dublin claims that case law outside of Ohio "overwhelmingly" supports its position that a public agency can abandon part of a larger take on one parcel. Despite this fact, as Dublin acknowledges in its appellate brief, there is a lack of Ohio case law regarding abandonment, and we can find nothing in Ohio that supports its position that it should be allowed to abandon just the part of Parcel 91-WL that it performed work on. Furthermore, we note that in this particular case Dublin's pleading *only* sought to abandon Parcels 91-WL and 92-WL *in their entirety*. Dublin never formally requested to be allowed to abandon only the portion of Parcel 91-WL that it had actually performed work on. Therefore, we decline to address its "partial abandonment" of Parcel 91-WL any further.

{¶27} Dublin's assignment of error is, therefore, overruled.

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**

**ROGERS, P.J., Concurring Separately.**

{¶29} I concur with the result reached by the majority; however, I do so for different reasons.

{¶30} An appropriation proceedings is initiated by the filing of a petition pursuant to R.C. 163.05 which provides in pertinent part as follows:

> **An agency that has met the requirements of sections 163.04 and 163.041 [163.04.1] of the Revised Code, may commence *proceedings* in a proper court by filing a petition for appropriation of each parcel or contiguous parcels in a single common ownership, or interest or right therein. The petition of a private agency shall be verified as in a civil action. All petitions shall contain:**
> **(A) A description of each parcel of land or interest or right there in sought to be appropriated, such as will permit ready identification of the land involved; * * *. [Emphasis added.]**

R. C. 163.05. The language used in this statute obviously permits the inclusion of more than one parcel of property to be included in the *appropriation proceedings*; however, it is still only one appropriation proceedings.

{¶2} The statute at issue in this appeal provides that "if it has not taken possession of property that is appropriated, an agency may abandon *appropriation proceedings * * *.*" [Emphasis added.] R. C. 163.21. Nothing in the language used in this section suggests that an agency may abandon one part of the proceedings, while continuing with other portions. The City of Dublin has attempted to distinguish the three properties included in its one petition and to pretend that it filed three separate appropriation proceedings, which it could have done, but did not.

{¶3} I would therefore find that there is no authority for abandoning one portion or parcel of property listed in an appropriation petition without abandoning all parcels listed in the petition. Since Dublin has admitted taking possession of one of the three parcels, I submit that it cannot now abandon any other parcel listed in the one petition.

{¶4} I concur with the majority's conclusion as to the trial court's finding that Dublin has taken possession of Parcel 91-WL. However, due to the reasons stated above, I would find that conclusion to be unnecessary as the entire abandonment issue should have been denied.

{**¶5**} The majority has made reference to the trial court's suggestion that the motion to abandon was an attempt to amend the petition. I disagree with the trial court's suggestion, and would further argue that a party is confined to its own characterization of its actions, unless both parties are given notice of a suggested change and an opportunity to respond. Even if Dublin's motion to abandon was to be treated as a motion to amend, no amendment was ever filed, or defined specifically for the record. Furthermore, the trial court's ruling was directed to the issue of abandonment, not to any alleged amendment of the petition.

{**¶6**} I am aware that the trial court's ruling included an order of abandonment of Parcel 92-WL, which would be improper under my interpretation of the statutes. However, since there is no assignment of error by either party directed to that order, we need not address it.

{**¶7**} For the reasons stated above, I concur in the affirmance of the ruling of the trial court.

/jlr