[Cite as *N. Ridgeville v. Zilka*, 2024-Ohio-2468.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | |
|---|---|
| CITY OF NORTH RIDGEVILLE | C.A. No. 23CA012047 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHARON ZILKA, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No. 22-CV-207048 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2024

SUTTON, Presiding Judge.

{¶1} Plaintiff-Appellant, the City of North Ridgeville, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2022, the City of North Ridgeville ("the City") sought to acquire a portion of a parcel of land owned by Sharon Zilka. The parcel of land was located at 4827 Stoney Ridge Road in North Ridgeville. The City sought to acquire the land for construction of a roundabout on Stoney Ridge Road. The City made an offer to Ms. Zilka of $36,000 for .524 acres of the 3.782 acres Ms. Zilka owned. Ms. Zilka declined to accept the City's offer of compensation.

{¶3} The City filed a petition to appropriate and fix compensation of the portion of Ms. Zilka's property it wished to acquire. Ms. Zilka answered the petition and simultaneously filed a motion for judgment on the pleadings and for attorney fees and costs. In her motion for judgment on the pleadings, Ms. Zilka argued the City's petition did not satisfy the statutory requirements to

appropriate property because the North Ridgeville City Council resolution attached to the petition did not specifically authorize the appropriation of Ms. Zilka's property. Instead, it generally referred to the roundabout project. The City sought, and was granted, leave to amend its complaint to satisfy this requirement, and the City amended its complaint.

{¶4} Ms. Zilka then filed a motion to dismiss and for attorney fees. The City filed a motion for an extension of time to respond to the motion to dismiss, which the trial court granted. However, instead of responding to the motion to dismiss, the City filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a). The trial court dismissed the petition without prejudice.

{¶5} Ms. Zilka filed a motion for attorney fees and post-judgment interest.[1] For reasons unknown to this Court, and as indicated in the trial court's journal entry, Ms. Zilka's motion was not docketed by the clerk of courts. Further, the record does not contain a copy of Ms. Zilka's motion. After the parties briefed the issues relating to attorney fees, the trial court granted Ms. Zilka's motion and set the matter for hearing. Prior to the hearing, the trial court issued an entry indicating the parties agreed to a judgment in the amount of $15,200.00 for reasonable attorney fees.

{¶6} The City now appeals raising two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT LACKED JURISIDCTION TO RULE UPON THE MOTION FOR ATTORNEY FEES AS THE CASE HAD PREVIOUSLY BEEN VOLUNTARILY DISMISSED.**

---

[1] In her opposition to the City's motion for reconsideration, Ms. Zilka attached, as Exhibit A, the cover sheet to a fax filing to the Lorain County Clerk of Courts, dated April 7, 2023, with an attachment titled "Motion for Attorneys' Fees and Post Judgment Interest." The City's counsel was also copied on this fax filing and there is a service notification indicating "successful transmission[,]" to the fax number.

**{¶7}** In its first assignment of error, the City argues the trial court lacked jurisdiction to consider the motion for attorney fees because the City had voluntarily dismissed the action pursuant to Civ.R. 41(A)(1)(a). For the following reasons, we disagree.

**{¶8}** Civ.R. 41(A)(1)(a) allows a plaintiff to dismiss an action without order of the court, and states, in relevant part, as follows:

> **(A) Voluntary Dismissal: Effect Thereof.**
>
> (1*) By Plaintiff; By Stipulation*
> Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
>
> (a) Filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.]

(Emphasis in original.) The rule further provides that, unless otherwise stated, such a dismissal is without prejudice. Civ.R. 41(A)(1).

**{¶9}** While a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction, a court may consider collateral issues not related to the merits of the action after a dismissal. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 556-557 (2001); *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580 (1994). After a dismissal, the trial court is free to consider new collateral matters authorized by a statute or rule. *Dyson v. Adrenaline Dreams Adventures*, 143 Ohio App.3d 69, 73 (8th Dist.2001), citing *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 416 (1999). In *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶ 25, the Supreme Court of Ohio explained that "when a case is dismissed, the trial court is not divested of jurisdiction to hear a claim for attorney fees simply because the basis for the claim is a statute or rule different from Civ.R. 11 or R.C. 2323.51."

{¶10} In cases where a public agency is seeking to appropriate property, R.C. 163.21 provides for compensation when an agency has abandoned a proceeding, and states as follows:

> (A)(1) If it has not taken possession of property that is appropriated, an agency may abandon appropriation proceedings under sections 163.01 to 163.22 of the Revised Code at any time after the proceedings are commenced but not later than ninety days after the final determination of the cause.
>
> (2) In all cases of abandonment as described in division (A)(1) of this section, the court shall enter a judgment against the agency for costs, including jury fees, and shall enter a judgment in favor of each affected owner, in amounts that the court considers to be just, for each of the following that the owner incurred:
>
> (a) Witness fees, including expert witness fees;
> (b) Attorney's fees;
> (c) Other actual expenses.

"In the context of appropriation proceedings, the term 'abandon' means 'to give up, discontinue, withdraw from * * *, cast away, leave or desert * * *. Stated another way, "abandon" means to give up or discontinue any further interests in something * * *.'" *Lorain v. McKiel*, 9th Dist. Lorain No. 16CA011016, , 2017-Ohio-7919, ¶ 7, quoting *Dorsey v. Donohoo*, 83 Ohio App.3d 415, 422 (12th Dist.1992).

{¶11} Here, Ms. Zilka filed her motion for attorney fees, a collateral issue unrelated to the merits of the City's action. The trial court was authorized by statute to consider this motion after the City's voluntary dismissal. Therefore, the trial court had jurisdiction to enter judgment against the City and in favor of Ms. Zilka pursuant to R.C. 163. 21(A)(2). Accordingly, the trial court did not err in ruling on Ms. Zilka's motion after the City's voluntary dismissal of the petition for appropriation.

{¶12} Accordingly, the City's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN GRANTING THE MOTION FOR ATTORNEY FEES.**

{¶13} In its second assignment of error, the City argues the trial court abused its discretion by awarding attorney fees to Ms. Zilka.

{¶14} As previously indicated, Ms. Zilka's motion for attorney fees was not docketed or made part of the record on appeal.[2] "When the record is incomplete, this Court must presume regularity in the trial court's proceedings and affirm its decision." *Helms v. Gains*, 9th Dist. Summit No. 27616, 2015-Ohio-4000, ¶ 4; *see also Cook v. Bell*, 9th Dist. Summit No. 25092, 2010-Ohio-3579, ¶ 10 ("[I]n the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment." Without Ms. Zilka's motion for attorney fees, we are unable to undertake a complete review of the trial court's decision. We must presume regularity and determine the trial court did not err.

{¶15} Accordingly, the City's second assignment of error is overruled.

III.

{¶16} The City of North Ridgeville's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

---

[2] We also note several other filings were not initially made part of the record on appeal which prompted the Lorain County Clerk of Courts to issue the November 8, 2023 Notice of Missing Items in the Record to all parties, counsel, and the trial court. The notice indicated three filings dated April 21, 2023, April 28, 2023, and May 2, 2023, were missing from the record. Although these items now appear in the case file, it is not evident to this Court when and how the record was supplemented to include the items dated April 21, 2023, and May 2, 2023. Ms. Zilka's motion for attorney fees was presumably not included in the list of missing items because it was never docketed by the clerk of courts.

6

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETTY SUTTON
FOR THE COURT


CARR, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

BRIAN MORIARTY, Attorney at Law, for Appellant.

RYAN M. GEMBALA and DENNIS M. O'TOOLE, Attorneys at Law, for Appellee.